## SEYMOUR *v.* THE STATE.

1. In a case where the record discloses that an old man who had theretofore borne an unblemished character was, upon an indictment for rape upon a child of tender years, convicted of an assault, and where a careful study of

the evidence for the State leads to the conclusion that, at most, a weak and unsatisfactory case against the accused was made out, this court will not affirm the judgment if there is any good reason for apprehending that the trial was not in all respects absolutely fair.

2. When therefore, upon the trial of such a case, the only evidence upon behalf of the accused consisted of proof strongly tending to show that he was, and all his life had been, a man of most excellent character, and the judge, in his instructions to the jury, completely ignored the defense thus set up, and made no reference whatever to the law relating to good character, until he was about to conclude his charge, when, upon having his attention called to the matter, he in most general terms charged upon this subject, this court, in the exercise of the broad power conferred upon it by the statute, will order a new trial; for even if, in a strict and technical sense, no error was committed, the case is one which should be treated as a special and peculiar and therefore be given the direction herein indicated.

Argued February 7, — Decided March 2, 1898.

Indictment for rape. Before Judge Gober. Catoosa superior court. August term, 1897.

The plaintiff in error, a man of sixty years, was indicted for rape alleged to have been committed upon a child of nine years. The jury found him guilty of an assault, and his motion for a new trial was overruled. There was testimony that he attempted to engage in sexual intercourse with the child. He proved a good character; and one witness on his behalf testified that the character of the child was bad. A number of witnesses, on the other hand, testified that her character was good and they would believe her on oath. Defendant's witness testified that on the day when the offense was charged to have occurred, she heard the child say at a schoolhouse that defendant need not talk so big, that she and her mother were going to get him anyhow; that he wanted her to miss a word which she had missed, to keep her from getting a dime which her parents had promised her if she would stand head in her class; that he was a mean man and she was going to pay him for it. In his statement the defendant denied the commission of the offense.

The trial judge, having charged the jury, inquired of counsel: "Is there anything else?" Defendant's counsel said: "I would like your honor to charge upon the question of good character." The judge then charged the jury as follows: "This

defendant has put evidence before you here, from which he insists that he had and maintained a good character. As to what that evidence shows, it is for you to determine; as to whether he has succeeded,— I mean as to whether it proves he had a good character, it is for you to say. Under the law he has the right to put that evidence, and it is the duty of the jury to consider it in determining the case. I charge you, gentlemen, when the guilt of the accused is made to appear to the satisfaction of the jury, they are authorized to convict regardless of the good character of the accused; but the jury has a right to consider his good character, not merely when his guilt is doubtful under the other testimony in the case, but when such testimony of good character may itself generate a doubt." The motion for new trial alleges that the verdict is contrary to law and evidence; and that the court erred in.charging the jury in the language of the last sentence just quoted.

Copeland & Jackson, for plaintiff in error.
Sam. P. Maddox, solicitor-general, contra.

SIMMONS, C. J. Good character is a substantive fact, like any other fact tending to establish the defendant's innocence, and ought to be so regarded by court and jury. Shropshire v. The State, 81 Ga. 591. "No matter how conclusive the other testimony may appear to be, the character of the accused may be such as to create a doubt in the minds of the jury, and lead them to believe, in view of the improbabilities that a person of such character would be guilty of the offense charged, that the other evidence in the case is false, or the witnesses mistaken." Rice, Evid. Crim. § 371. Evidence of good character is not admitted as a mere makeweight, but as evidence of a positive fact, and may of itself, by the creation of a reasonable doubt, produce an acquittal. Weston v. Com., 111 Pa. 251. Such evidence should be weighed and considered by the jury in connection with all the other evidence in the case. The rule is both reasonable and just. There are cases where, owing to the peculiar circumstances in which a man is placed, evidence of good character may be all he can offer in answer to a charge of crime. "Of what avail is a good character, which a man

may have been a lifetime in acquiring, if it is to benefit him nothing in his hour of peril?" Com. *v.* Cleary, 135 Pa. 64, 8 L. R. A. 301. Such a case is now under consideration. The accused submitted evidence that he had borne a most excellent character from his boyhood up to the time of the alleged offense. This, under the circumstances, was the only way in which he could meet the charge made against him. He was accused of rape upon a girl nine years old. The girl's testimony shows that the alleged crime was committed in the dining-room of a dwelling-house, within a few feet from the mother and father. The accused had no witnesses. His good character was, therefore, practically all upon which he could rely in support of his plea of not guilty. This matter should have been submitted to the jury by the judge in his general instructions and while presenting the case to them for their determination. Instead of doing this, he failed entirely even to mention the fact that the accused relied upon good character, or to allude to the proof submitted in this connection, until at the end of his charge, and then only after calling upon counsel to know if there was anything else upon which he should charge and after being requested to charge as to good character. In compliance with this request, he merely gave in general terms the law bearing upon this subject. After a careful and deliberate study of the evidence, we are convinced that, at most, a very weak and unsatisfactory case against the accused was made out. In view, therefore, of the fact that the main defense relied upon was not presented to the jury at the proper time and in the proper connection, and being apprehensive that, for this reason, the jury may not have given the evidence tending to show the good character of the accused the full weight and consideration it was entitled to receive, we feel constrained to order a new trial. We do so, in this instance, in the exercise of the broad power which the statute confers upon us,—a power which we rarely exercise but which, in our judgment, was intended to meet just such cases as the present. Even if, in a strict and technical sense, no error was committed, we can not help feeling that the accused did not have an absolutely fair trial. Accordingly, it is our judgment that the ends of justice

Ga.) OCTOBER TERM, 1897. 807

require a new hearing. A like result, and upon very similar considerations, was reached by this court in the case of *Mathews* v. *The State*, 56 *Ga.* 469.

<em>Judgment reversed. All the Justices concurring.</em>