## SCOTT *v.* THE STATE.

EVANS, P. J.   1. Where counsel appointed to defend one accused of crime are in consultation with their client and are requested by the court to proceed with the case, and such counsel proceed with the trial of the case without requesting further time for the preparation of their client's case, it is too late to complain after the trial that sufficient time was not allowed for preparation for trial.

2. The facts of the case did not authorize a charge on the law of voluntary manslaughter.

3. While the good character of an accused person is a substantive fact, and evidence of such character should be weighed and considered by. the jury in connection with all the other evidence in the case, still such good character of the accused is not a distinct substantive defense. A proper instruction should be given in every case where the. accused puts his character in issue; but in the absence of a timely request, an omission to give a specific charge on the subject will not require a new trial. It is only in exceptional cases where the court fails to charge relatively to the good character of the accused that a new trial should be granted. *Seymour* v. *State*, 102 *Ga.* 803 (30 S. E. 263). This case falls within the general rule, and not within the exception.

4. The failure of the court to give in charge the legal definition of the term "felony," appearing in the Penal Code, § 70, which section was given in charge, was not such error as requires a new trial. *Pickens* v. *State*, 132 *Ga.* 46 (63 S. E. 783).

22

5. There was no error in the charge on the law of justifiable homicide. The evidence warranted the verdict, and no error appears requiring the grant of a new trial.

*Judgment affirmed. All the Justices concur.*
JANUARY 9, 1912.

Indictment for murder. Before Judge Walker. Warren superior court. November 16, 1911.

*L. D. McGregor* and *M. E. Evans,* for plaintiff in error.

*T. S. Felder, attorney-general,* and *T. J. Brown, solicitor-general,* contra.