### 6431.  MILLS *v.* THE STATE.

BROYLES, J.  1.  "Good character is a substantive fact in defense, and may itself alone be sufficient to generate a reasonable doubt of guilt. When the evidence warrants it, trial courts may very properly state to the jury the weight that they may be authorized to give to proof of good character, but without an appropriate written request the failure so to do will not amount to reversible error." *Webb* v. *State,* 6 *Ga. App.* 353 (64 S. E. 1001) ; *Hagood* v. *State,* 5 *Ga. App.* 80 (8), 91 (62 S. E. 641) ; *Scott* v. *State* 137 *Ga.* 337 (3) (73 S. E. 575) ; *Ellison* v. *State,* 137 *Ga.*

193 (73 S. E. 255); *McLendon* v. *State*, 7 *Ga. App.* 687 (67 S. E. 846). The ruling in *Seymour* v. *State*, 102 *Ga.* 803 (30 S. E. 263), cited by counsel for plaintiff in error, is, by the language of the opinion (p. 806), as well as the headnote, confined to the "special and peculiar facts" of that case, which take it out of the general rule. In our opinion, the circumstances of the instant case do not bring it within the exception contemplated by that decision.

2. The evidence authorized the verdict, and the trial court did not err in overruling the motion for a new trial.                *Judgment affirmed.*

DECIDED SEPTEMBER 17, 1915.

Accusation of misdemeanor; from city court of Louisville— Judge Phillips.    February 18, 1915.

*Price & Price,* for plaintiffs in error.

*J. R. Phillips, solicitor,* contra.