## 30693. KNIGHTON v. THE STATE.

DECIDED JANUARY 19, 1945.

Robert B. Williamson, for plaintiff in error.
M. E. O'Neal, solicitor-general pro tem, contra.

MacIntyre, J. The defendant, Warren Knighton, was convicted by a jury of the offense of sodomy. His motion for a new trial was overruled and he excepted. There was evidence that he had carnal knowledge and connection against the order of nature with a named male person. The defendant introduced only one witness, who testified as to the defendant's good character. In his statement to the jury the defendant denied the commission of the offense. The motion for a new trial alleges that the verdict is contrary to law and evidence, and that the court erred in failing to charge as to the good character of the defendant.

Where the defendant introduces evidence putting his character in issue, the general rule is that, in the absence of a proper written request to charge on the character of the accused, it is generally not cause for a new trial that no such charge was given. *Widner* v. *State,* supra. The defendant contends that a sodomy case, such as the instant case, where the defendant introduced one witness who testified as to his good character, falls within the same class of cases as does *Seymour* v. *State,* 102 *Ga.* 803 (30 S. E. 263), a rape case, and that the *Seymour* case supports his contention that a failure to charge on good character is reversible error, even in the absence of a request. The *Seymour* case is the only exception to the general rule, just above stated, that we have been able to find in the Georgia decisions. In the *Seymour* case, it is said: "When therefore, upon the trial of such a case, the only evidence upon behalf of the accused consisted of proof strongly tending to show that he was, and all his life had been, a man of most excellent character, and the judge, in his instructions to the jury, completely ignored the defense thus set up, and made no reference whatever to the law relating to good character, until he was about to conclude his charge, when, upon having his attention called to the matter, he in most general terms charged upon this subject, this court, in the exercise of the broad power conferred upon it by the statute, will order a new trial; for even if, in a strict and technical sense, no error was committed, the case is one which should be treated as a special and peculiar [one] and therefore be given the direction herein indicated." The court stated that it felt constrained to order a new trial "in the exercise of the broad power which the statute conferred upon us —a power which we rarely exercise, but which, in our judgment was intended

to meet just such cases as the present." The Supreme Court has applied the general rule quoted above in many cases and frequently in murder cases, murder, of course, being one of the most serious crimes with which an accused may be charged as it involves his very life. And in *Scott* v. *State,* 137 *Ga.* 337 (73 S. E. 575), a murder case, the court ruled: "A proper instruction should be given in every case where the accused puts his character in issue; but in the absence of a timely request, an omission to give a specific charge on the subject will not require a new trial. It is only in exceptional cases where the court fails to charge relatively to the good character of the accused that a new trial should be granted. *Seymour* v. *State,* 102 *Ga.* 803 (30 S. E. 263)." The case of *Widner* v. *State,* supra, is the only rape case which we have found where the defendant contended that his case came within the exception to the general rule here stated, and we have found *no* sodomy case in which this contention was raised. In the *Widner* case, a rape case, which is somewhat akin in class and punishment to a sodomy case, the Supreme Court held that it fell within the general rule and not within the exception. The same observation may be made here.

If the testimony of the witness Hawkins was credible, and the jury were authorized to so find it, it showed that he was not an accomplice, and not being an accomplice, it was not necessary that his testimony be corroborated in order to support a conviction. The evidence authorized the verdict.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*