## 36109. WRIGHT v. THE STATE.

CARLISLE, J. 1. Generally it is not error to omit an instruction to the jury respecting the accused's good character where no such instruction is requested. *Franklin* v. *State*, 69 *Ga.* 36 (47 Am. R. 748); *Ellison* v. *State*, 137 *Ga.* 193 (73 S. E. 255); *Scott* v. *State*, 137 *Ga.* 337 (73 S. E. 575). "While the good character of the accused person is a substantive fact and evidence of such fact should be weighed and considered by the jury in connection with all the other evidence in the case, still, such good character of the accused is not a distinct substantive defense. A proper instruction should be given in every case where the accused puts his character in issue; but in the absence of a timely request, an omission to give a specific charge on the subject will not require a new trial. It is only in exceptional cases where the court fails to charge relatively to the good character of the accused that a new trial should be granted," (*Greer* v. *State*, 159 *Ga.* 85 (7), 125 S. E. 52), for example, where, due to the peculiar circumstances, all the accused can offer in his defense is his good character, and the evidence against him is weak and unsatisfactory. *Seymour* v. *State*, 102 *Ga.* 803 (30 S. E. 263).

2. Under an application of the foregoing principles of law to the facts of the present case, the trial court did not err in overruling the motion for a new trial, based upon the sole ground that the trial court had erred in failing to instruct the jury on the weight to be given the evidence of the accused's good character, in the absence of a timely written request to so instruct the jury. The defendant was indicted for an assault with intent to murder his wife. The evidence for the State was that he attacked and severely cut his wife without provocation and this evidence was given by eyewitnesses. The defendant admitted the cutting of his wife but denied that he did so with intent to murder, claiming that he did so in self-defense. The jury found him guilty of stabbing. This case comes within the general rule announced in division 1 of this opinion and not within the exception to the rule.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED MARCH 14, 1956.

*James E. Weldon,* for plaintiff in error.
*Wright Lipford, Solicitor-General, Joseph C. Jackson,* contra.