## 47016. OVERBY v. THE STATE.

JORDAN, Presiding Judge. The appellant was convicted on two counts of violation of the Georgia Drug Abuse Control Act and sentenced to 2 years imprisonment on each count, and appeals from the overruling of his motion for new trial. *Held:*

1. We affirm. There was ample evidence to support the jury verdict. On appeal the evidence must be construed most strongly in favor of the verdict.

2. The police officer who purchased two capsules from the defendant could not positively identify the capsules on the trial of the case, except that they were similar to the capsules which he so purchased. On this basis appellant contends that the State's evidence is circumstantial only, requiring a more detailed charge on the law of circumstantial evidence without request. We cannot agree. The "chain of custody" proved by the State shows that the purchase was made by the undercover policeman at approximately 9:30 p.m. on March 4, 1971; that he immediately contacted his superior officer before transacting any other business; that his superior officer met him around 10:30 p.m. the same evening and took the two capsules from him. This officer testified that he placed the capsules in an envelope appropriately marked and sealed; that this envelope was personally handed to a State toxicologist who then testified that he examined the capsules and found them to contain LSD. The defendant admitted selling two capsules to the State's witness on this occasion for $5 each, but asserted that the capsules contained chocolate powder and that this was merely a prank he was playing on the witness. This evidence merely raised an issue of fact which was resolved against the defendant by the jury.

3. Defendant's character witness was asked on direct examination the following: "Q. Doctor, have you ever heard anybody say anything against Steve Overby?"

The State's objection to this question was sustained, upon which ruling error is enumerated. The witness was then allowed to answer the usual questions to prove good character, i.e., that he knew the reputation of the accused and that it was good. The direct examination to prove the character of the accused must be limited to questions concerning his general reputation in the community in which he lives. *Whiddon v. State,* 31 Ga. App. 776 (122 SE 243); *Code* § 38-1804. While the holding in *Powell v. State,* 101 Ga. 9 (1a) (29 SE 309, 65 ASR 277) indicates such a question might be allowed on direct

examination, we see no error here since the witness was allowed to answer other questions relating to the general reputation of the accused.

*Judgment affirmed. Deen and Clark, JJ., concur.*
ARGUED MARCH 9, 1972—DECIDED MARCH 17, 1972.

*Odom & Hind, Hobart M. Hind,* for appellant.
*Robert W. Reynolds, District Attorney,* for appellee.