27518.   SPEAR v. THE STATE.

JORDAN, Justice. In appealing his conviction and sentence for rape, and the overruling of his motion for a new trial the defendant makes two assertions, (1) that the trial judge erred in failing to charge without request on good character as a defense as it was demanded by the evidence and a substantive defense, and (2) that the evidence is insufficient to corroborate the testimony of

the victim as to rape instead of attempted rape. *Held:*

1. While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving of or the failure to give instructions to the jury (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207) this does not relieve him from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence.

The real issue in the present case, however, does not arise from the unchallenged and uncontradicted testimony of the defendant to the effect that he had worked steadily since he was 12 years old, and had never been in trouble before, which he insists first in his motion for new trial, put his character in issue, but instead is made by the fact that the victim, a high school student, age 15 at the time of the incident, positively identified the defendant, then age 16, as a fellow student who accosted and assaulted her in a girls' restroom. The restroom was near a classroom where he was found, attending his regularly scheduled class, shortly after she made the complaint, and where he insists he was present at the time the attack is shown to have occurred. There is testimony and other evidence to support the testimony of the victim and the defendant. A member of the victim's class, sent by her teacher to ascertain the delay of the victim in returning to class, after the teacher had permitted the victim to go to the restroom to treat a minor injury, positively identified the defendant as being present in the restroom with the victim. The defendant's teacher, however, verified his presence in her classroom shortly after class commenced, shown to have been at about the same

time that the assault is shown to have occurred.

A reading of the entire charge discloses that it was eminently fair and thorough in presenting to the jury the applicable and correct rules in weighing the evidence and determining guilt or innocence, although there is no specific reference to evidence of good character as a defense. Conceding that the testimony of the defendant did place his good character in issue, although there are holdings indicating the contrary, e. g., *Wilson v. State,* 190 Ga. 824 (10 SE2d 861); *Richmond v. State,* 210 Ga. 403 (80 SE2d 178), it has long been the law of this state, and we are of the opinion that it is unchanged by the provisions set forth in Code Ann. § 70-207 referred to above, that "[w]hile the good character of an accused person is a substantive fact, and evidence of such character should be weighed and considered by the jury in connection with all the other evidence in the case, still such good character of the accused is not a distinct substantive defense. A proper instruction should be given in every case where the accused puts his character in issue; but in the absence of a timely request, an omission to give a specific charge on the subject will not require a new trial. It is only in exceptional cases where the court fails to charge relatively to the good character of the accused that a new trial should be granted. *Seymour v. State,* 102 Ga. 803 (30 SE 263)." *Scott v. State,* 137 Ga. 337 (3) (73 SE 575). The facts of the *Seymour* case, which this court treated as an exceptional case, are clearly distinguishable from the facts in the present case.

2. That the testimony of the victim is uncorroborated, argued on the basis that "there is not enough corroborating evidence that the rape took place, but rather an attempted rape" is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 11, 1972—DECIDED JANUARY 22, 1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Joel M. Feldman, J. Melvin England, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.