51907. FRAZIER v. THE STATE.

PANNELL, Presiding Judge.

The defendant was indicted for violating the Georgia Controlled Substances Act and for simple battery. He was acquitted on the simple battery charge and was convicted of possessing marijuana in violation of the Georgia

Controlled Substances Act. He appeals the judgment of conviction.

The evidence shows that appellant lived in a rented trailer which was located on approximately 17 acres of wooded land owned by a third party. Law enforcement officers proceeded to this property to serve a search warrant for appellant's "trailer, outbuildings, vehicles and occupants." One of the officers located appellant in the woods behind the trailer through the use of a pair of binoculars. Appellant was sitting over an open box with a clear bag of marijuana, which he was apparently weighing with a set of hand scales.

The officer proceeded to the place where appellant was located. As the officer approached the area, appellant looked up and saw him. Appellant then attempted to run and was caught by the officer. The officer testified that a fight ensued, and appellant was placed under arrest.

1. Appellant urges error in the trial court's denying his motion to sever the possession of marijuana and the simple battery counts. Code § 26-506 provides: "(b) If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution except as provided in subsection (c). (c) When two or more crimes are charged as required by subsection (b), the court in the interest of justice may order that one or more of such charges be tried separately."

Appellant argues that the interests of justice *required* that the judge sever the charges against him and order separate trials thereon. In his motion, appellant urged severance on the ground that he desired to take the stand and testify regarding the simple battery charge; he wished to assert his right to remain silent regarding the marijuana charge. He argues on appeal that a trial on both counts forced him to take the stand and assert his fifth amendment privilege regarding the marijuana charge, which prejudiced his case.

"The only test under the new Criminal Code is whether the interests of justice will be served by ordering separate trials. The judge may order the charges tried

separately but he is not required to do so if *in his opinion* the interests of justice will not be served thereby." (Emphasis supplied.) *Henderson v. State,* 227 Ga. 68, 76 (179 SE2d 76). In the present case, both charges were part of one transaction. The circumstances of appellant's flight from the officer would have been admissible upon a trial of the single count of possessing marijuana. See *Richardson v. State,* 113 Ga. App. 163 (147 SE2d 653). " 'From the nature of the entire transaction it would be almost impossible to present to a jury evidence of one of the crimes without also permitting evidence of the other crimes to be introduced since they were all a part of one continuous transaction. . .' " *Owens v. State,* 233 Ga. 905, 910 (213 SE2d 860). We think the trial judge was justified under the facts of this case in concluding that the interest of justice would not be served by ordering separate trials.

2. Appellant contends that the court erred in limiting his questioning of potential jurors during voir dire.

(a) The trial judge sustained the state's objections to numerous questions dealing with the juror's opinion regarding various criminal laws and the application of the standard of proof in criminal cases. We have carefully examined each of these questions and have concluded that the judge properly prohibited the question in each instance.

" 'Although counsel has a right to inquire as to the qualifications of the veniremen and their prejudices so as to provide a foundation for a challenge for cause or a peremptory challenge. . .it is well settled that it is simply not the province of counsel to question prospective jurors as to their attitudes or knowledge of matters of law. . . In examining a prospective juror, counsel for the accused should not ask technical legal questions in regard to the presumption of innocence, but should confine his questions to those which may illustrate any prejudice of the juror against the accused, or any interest of the juror in the cause.' " *Lundy v. State,* 130 Ga. App. 171, 173 (202 SE2d 536).

(b) The trial court also prohibited the defense counsel from asking the prospective jurors if they had ever served on a grand or petit jury. The trial judge has the

discretion to limit the examination of prospective jurors to questions dealing directly with the specific case. Under Code § 59-705, counsel "shall have the right to inquire of the individual jurors examined touching any matter or thing which would illustrate any interest of the juror in the cause, including . . . any fact or circumstance indicating any inclination, leaning or bias which the juror might have *respecting the subject-matter of the suit . . ."* (Emphasis supplied.) Whether or not the potential juror had previously served on a grand or petit jury would not have been relevant to the "subject-matter of the suit." See *McGinnis v. State,* 135 Ga. App. 843 (2) (219 SE2d 485). Accordingly, the trial judge committed no error in prohibiting the above questions.

(c) The trial court sustained the state's objections to all questions relating to the following: (1) The employment of the prospective juror's children; (2) Whether or not they smoked cigarettes; (3) Whether or not they drank alcohol; and (4) What newspapers or magazines they regularly read.

"The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination. The control of the pursuit of such determination is within the sound legal discretion of the trial court, and only in the event of manifest abuse will it be upset upon review." *Whitlock v. State,* 230 Ga. 700, 706 (198 SE2d 865). "The language of Code Ann. § 59-705 is broad, but the trial judge still retains the discretion to limit the examination to questions dealing directly with the specific case and to prohibit general questions. . ." *Hill v. State,* 221 Ga. 65, 69 (142 SE2d 909). As stated in Division 2 (b) above, counsel has the right to inquire of the individual jurors respecting any fact or circumstance indicating any inclination, leaning or bias which the juror might have respecting *the subject-matter of the · suit.* Although the above questions might indicate a leaning or bias of the juror regarding some particular subject, they do not relate to the juror's leaning or bias respecting the subject matter of this particular suit. We, therefore, hold that the trial court did not abuse its discretion in refusing to permit counsel for the accused to ask the prospective

jurors the above questions.

3. In closing argument, the district attorney made the following remarks to the jury: "I have every confidence in the world that you will do the right thing. I didn't have to ask you eight, ten, or twenty questions about what magazines you read, whether you smoke or drink, or what political party you are a member of, do you have dandruff or whatever else he might have wanted to ask. . ." Defense counsel objected to the above remark, but he gave no grounds for his objection and invoked no ruling of the court. He said simply, "I object to that." The trial court overruled his objection. Defense counsel invoked no ruling of the trial court which could be made a proper basis for review by this court. See *Smoky Mtn. Stages, Inc. v. Wright,* 62 Ga. App. 121 (1) (8 SE2d 453).

4. The defendant moved for a continuance due to the absence of a material witness. The witness was a marijuana expert whom the defense wished to call regarding the identification of the marijuana as Cannabis Sativa L. The witness was also expected to testify regarding the reliability of the testing procedures used by the state crimb lab. The witness was in England at the time of trial. He had not been subpoenaed and had not seen the evidence in the present case.

" 'Motions for continuance are addressed to the final discretion of the trial judge and in the absence of clear showing of the abuse of discretion, this court will not interfere with the action of the trial judge in refusing to grant a continuance and in requiring counsel to proceed with the trial of the case. [Cits.]' " *Keller v. State,* 128 Ga. App. 129, 131 (195 SE2d 767). We believe that the trial court did not abuse his discretion in denying appellant's motion for continuance.

5. Defense counsel asked the witness from the state crime lab the following question: "Are you familiar with the United States Code Section that defines Cannabis Indica as a poison under Federal Law?" The trial judge sustained the state's objection to the above question. We cannot determine how the witness' knowledge of the United States Code's definition of Cannabis Indica could possibly be relevant to the issues in this case. The trial judge may properly restrict cross examination to matters

material and relevant to the issues in the case. *Smiley v. State,* 156 Ga. 60 (3) (118 SE 713).

6. Appellant contends that the court erred in allowing the examiner from the state crime lab to give his opinion regarding the identity of the alleged marijuana. He argues that the examiner was not shown to be an expert. Before an expert witness' opinion is admissible, his qualifications as an expert must first be proved. *Knudsen v. Duffee-Freeman, Inc.,* 95 Ga. App. 872, 879 (99 SE2d 370). Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be interfered with. *Rouse v. Fussell,* 106 Ga. App. 259 (4) (126 SE2d 830). "Generally nothing more is required to entitle one to give testimony as an expert than that he has been educated in the particular trade or profession; and special knowledge in regard to a particular subject may be derived from experience as well as study and direct mental application." *Carter v. Marble Products, Inc.,* 179 Ga. 122 (1) (175 SE 480).

The evidence shows that the witness had a bachelor of science degree in chemistry and had two years of experience in the analysis of drugs with the state crime lab. The witness testified that he had received training on how to run tests on marijuana in the state crime lab. He had previously run a couple of thousand tests on marijuana. The trial judge committed no error in allowing the witness to testify as to the identity of the alleged marijuana.

7. Appellant urges error in the court's admitting the alleged marijuana into evidence in the absence of a showing that it was "Cannabis Sativa L." Appellant made no such objection to the introduction of the marijuana during the trial of the case; he may not raise this objection for the first time on appeal. Further, the substance was identified as marijuana; the state is not required to prove that the marijuana is "Cannabis Sativa L." See *Manis v. State,* 135 Ga. App. 71 (1) (217 SE2d 396).

8. The trial court committed no error in overruling appellant's motion to suppress. The evidence shows that the marijuana was found in the woods approximately 250 to 300 yards behind appellant's trailer. "It seems to be

generally held that the constitutional guarantees of freedom from *unreasonable search and seizure,* applicable to one's home, refer to his dwelling and other buildings within the curtilage but *do not apply to open fields, orchards or other lands not an immediate part of the dwelling site.*" (Emphasis supplied.) *Anderson v. State,* 133 Ga. App. 45, 46 (209 SE2d 665).

The factual situation present in this case is very similar to that presented in *Patterson v. State,* 133 Ga. App. 742 (212 SE2d 858). It is our opinion that the decision in *Patterson* is controlling in the present case.

*Judgment affirmed. Clark and McMurray, JJ., concur.*

ARGUED MARCH 1, 1976 — DECIDED MAY 14, 1976.

*Jim Jenkins,* for appellant.

*William F. Lee, Jr., District Attorney, Robert H. Sullivan, Assistant District Attorney,* for appellee.