## 31341. BROWN v. THE STATE.

NICHOLS, Chief Justice.

Robert Lee Brown appeals from an indictment and conviction for armed robbery and aggravated assault. The appellant's sole enumeration of error is that the trial court erred in denying his motions for mistrial after the state introduced evidence putting his character in issue.

1. The appellant first complains of testimony given by Detective Folsom who interrogated the appellant. The transcript shows the following testimony occurred during cross examination: "Q: Was there any interrogation before this waiver was signed? A: No, he was handcuffed and locked in the back room. Q: So, did you simply walk in and say that you wanted to explain to him these rights and he signed it? A: I walked in and I knew Robert from a previous deal and I asked Robert if he remembered me and he shook his head . . ."

This statement by Detective Folsom that he knew the appellant from a "previous deal" did not put appellant's character in issue. There is no inference from this testimony that this "previous deal" was derogatory to the appellant. In *Cherry v. State,* 220 Ga. 695 (141 SE2d 412) (1965), this court held that a police officer's testimony that he had seen the defendant in court three times did not place the defendant's character in issue. See also *Woodard v. State,* 234 Ga. 901 (218 SE2d 629) (1975). There was no evidence in this case to show that this "previous deal" was in any way connected to the detective's official duties and therefore did not put appellant's character in issue. The trial court did not err in overruling the motion for mistrial made while Detective Folsom was testifying.

2. The appellant testified on direct examination in part as follows: "Q: Did you commit a robbery . . . or take any part in it? A: No, sir. I don't know anything about it. I have never robbed anybody and I have never stolen anything from home or my mother." The state, on cross examination, then asked appellant: "Q: Robert, did I understand you to say a few minutes ago, and you correct me if I'm wrong, that you never robbed anyone and that you never stole anything? A: No sir, that's right. Q: Is that what you said? A: Yes sir. Q: Do you mean by that you

haven't ever broken the law? A: Well, what do you call — I ain't never did any big crime or anything. Q: Never a crime? A: No, no more than fighting or something like that. Q: You were in Reidsville, weren't you... A: No sir, I didn't say that I wasn't in prison. Q: Were you in Reidsville for fighting? ... Were you ever in Reidsville? A: Yes."

The appellant argues that this line of questioning by the state improperly put his character in issue. "The general character of the defendant and his conduct in other transactions is irrelevant unless the defendant chooses to put his character in issue." *Bacon v. State,* 209 Ga. 261, 262 (71 SE2d 615) (1952). Code §§ 38-201 and 38-202. In this case the appellant on direct examination put his character in issue. He denied his involvement in the crime for which he was being tried and went further by adding that he had "never robbed anybody" nor "stolen anything from home or my mother." These additional averments by the appellant placed his character in issue and justified cross examination on this point. Once a defendant "opens the door" for character evidence, specific events may be used in testing the extent and foundation of the defendant's knowledge and the correctness of his testimony on direct examination. *Wilson v. State,* 190 Ga. 824 (10 SE2d 861) (1940); *May v. State,* 185 Ga. 335 (195 SE 196) (1938).

The trial court did not err in denying appellant's *second* motion for mistrial. The evidence authorized the verdict and the judgment of the trial court must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 16, 1976 — DECIDED SEPTEMBER 7, 1976.

*Gilberg, Baynard & Owens, Robert E. Baynard,* for appellant.

*William S. Lee, District Attorney, Hobart Hind, Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson,* for appellee.