## 63348. CONNALLY v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction of 3 counts of armed robbery. *Held:*

1. The general grounds are enumerated.

The only assertion is that reversal is required because the defendant conclusively established that he was not mentally responsible at the time of the offenses.

The evidence shows that the offenses were committed in one evening in May 1980 against separate victims at different times by defendant and another. Defendant participated as the wielder of the only weapon, a sawed-off shotgun. One of the victims testified that defendant had abnormal or "unhappy" eyes. After the third robbery, defendant and his accomplice fled in a car taken from one of the victims. During pursuit by police, the fleeing car spun out of control and stopped, and defendant fired the shotgun at the officer. After being arrested and taken to the police station, defendant told the

police officer who had pursued them that he was caught and could easily do his time but would remember the officer when he got out, and wished that he had hit the officer when he fired at him. After about a week of incarceration, defendant was sent to Grady Hospital for examination concerning abnormal behavior. A psychiatric resident examined defendant and diagnosed his condition as an acute schizophrenic episode. He had no opinion as to defendant's mental responsibility at the time of the offenses. Two medical assistants also testified as to defendant's abnormal behavior. Defendant improved and was released after 11 days.

Defendant's mother and sister testified that defendant had had mental problems for about 10 years, since his father had died, and also had been hospitalized for 6 months in a state mental institution. The mother said that defendant knew right from wrong and had never been in trouble before. The sister said he was not responsible and needed help.

Dr. Baccus, a psychiatrist, examined defendant in August and December 1980 pursuant to court orders to determine his mental condition. In both instances Dr. Baccus diagnosed defendant as having chronic undifferentiated schizophrenia which had existed for at least two years. Because defendant could not communicate with him concerning the offenses, he was unable to give an opinion whether defendant could distinguish right from wrong at the time of the offenses.

Dr. Jacobs, also a psychiatrist, examined defendant over a period of a month in January 1981 at Central State Hospital in Milledgeville. His opinion was that defendant was not psychotic but had an anti-social personality. Because defendant would not talk with him concerning the alleged offenses, he had no opinion about defendant's mental status at the time of the offenses. He stated that the August and December diagnoses of chronic schizophrenia by Dr. Baccus did not mean that defendant was experiencing such symptoms continuously during the preceding two-year period.

Defendant's testimony was relatively unresponsive but he denied the commission of the alleged offenses or ever being arrested for other offenses.

This evidence was sufficient to authorize a rational jury to find beyond a reasonable doubt that defendant was mentally responsible at the time of the offenses and that he was guilty of committing the offenses. *Smith v. State,* 245 Ga. 44 (1) (262 SE2d 806).

2. As indicated above, Dr. Baccus testified concerning two evaluations he had made of defendant, one in August and another in December. The reports he referred to while testifying indicated that the August evaluation was for the robberies alleged but the December

evaluation was for an unrelated offense of burglary, of which the jury was not aware. Over objection that defendant's character would be put in issue, the trial court allowed the state to elicit from Dr. Baccus in cross examination that the December evaluation was for a separate incident without mentioning what the incident was. The denial of defendant's motion for mistrial is enumerated as error.

We find no error. Pretermitting whether this was evidence of a prior offense, defendant had put his character in issue by testifying that he had never been arrested before, thus opening himself to evidence of bad character. *Brown v. State,* 237 Ga. 467 (2) (228 SE2d 853). His mother's testimony that defendant had never been in trouble also had been impeached by evidence of defendant's conviction for burglary.

The court did not err in failing to give a limiting instruction on this testimony as no request for an instruction was made. *Williams v. State,* 151 Ga. App. 683 (3) (261 SE2d 430).

3. The remaining enumeration alleges error in the state's final argument. Since the argument is not contained in the record, there is nothing for this court to rule on. *Alexander v. State,* 150 Ga. App. 41 (3) (256 SE2d 649).

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED MARCH 5, 1982.

*Vernon S. Pitts, Jr.,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, A. Thomas Jones, Margaret V. Lines, Assistant District Attorneys,* for appellee.