68387. BRADDY v. THE STATE.
(323 SE2d 219)

BIRDSONG, Judge.

Malcolm Leo Braddy was charged along with his mother with theft by receiving stolen property. Mrs. Braddy was acquitted of the one charge she faced. Braddy was acquitted of twelve counts but convicted of two others. He was sentenced to consecutive five-year probated sentences, a period of public service, fines and court costs. Braddy brings this appeal enumerating three alleged errors.

The facts giving rise to these convictions reflect that two youthful burglars committed a series of house burglaries and sold the stolen goods to Braddy and his mother who owned a "men's" store. Braddy offered evidence that he had been collecting "junk" all his life and

had items of varying values and utility scattered in his store and elsewhere. He conceded that he bought certain silverware from one of the burglars but maintained that he was assured by the seller that the silverware came from the seller's grandmother. Braddy maintained that he bought the silver at a reasonable price whereas the seller-thief testified that Braddy "snickered" when informed that the silver belonged to the seller's grandmother and purchased the silver at a price grossly below its real value. Braddy also offered evidence that he had never been charged with wrongdoing before, that the purchase of the stolen goods was in good faith believing that the seller had title thereto and the right to sell it. Additionally, Braddy testified that he was active in his local church, taught a Sunday School class, and was an associate minister of youth in his church. *Held:*

1. In his first two enumerations of error, Braddy complains that there is no valid evidence of value to warrant a conviction or assess a felony sentence. The State called as its value witness a jeweler who had been appraising precious metals and jewelry for in excess of 30 years and who was qualified as an expert appraiser, without objection. In relation to the silver, the appraiser placed a value on the two separate quantities of flatware, each grouping being valued in excess of $2,000. When pressed as to the manner of reaching his opinion and estimate of value, the appraiser testified that he had taken Gorham's list price for silver of the pattern and quantity involved and reduced that figure by 25%. Braddy now argues that this amounts to nothing more than a statement of cost price furnished by someone other than the witness giving the opinion.

We are not persuaded by such an argument. The witness was qualified as an expert without objection and gave his opinion as to each item alleged in the fourteen counts of the indictment. Generally nothing more is required to entitle one to give testimony as an expert than that he has been educated in the particular trade or profession. Special knowledge in regard to a particular subject may be derived from experience as well as study and direct mental application. *Frazier v. State*, 138 Ga. App. 640, 645 (227 SE2d 284). When a witness is qualified as an expert, it is not necessary that he state the facts on which his opinion is based, but he may do so. That is all that occurred in this case. There was no objection voiced at the time the expert gave his opinion and a predicate for the opinion clearly was laid. There was no error in allowing the evidence of value nor in assessing sentence as a felony. See *Hollywood Baptist Church v. State Hwy. Dept.*, 114 Ga. App. 98, 100 (150 SE2d 271). See also *Ragsdale v. State*, 170 Ga. App. 448 (317 SE2d 288).

2. In his last enumeration of error, Braddy urges error in the denial of his written requests for charges on good character. The State argues that it was not error to refuse these charges because Braddy's

testimony did not amount to evidence of opinion based upon reputation in the community.

The State cites in support of its argument *McCollom v. State*, 153 Ga. App. 519 (266 SE2d 252); *Simpkins v. State*, 149 Ga. App. 763 (256 SE2d 63); *Cherry v. State*, 148 Ga. App. 655 (252 SE2d 180); *Overby v. State*, 125 Ga. App. 759 (3) (188 SE2d 910). The *McCollom* case, supra, does hold (on much less significant evidence; i.e., the defendant therein stated that he had never been in trouble nor had any trouble with a named detective) that the issue of good character was not raised so as to lend error to a failure to charge on good character. The *McCollom* case cites as precedent for its holding the cases of *Cherry v. State*, supra, and *Wilson v. State*, 190 Ga. 824, 829-830 (10 SE2d 861). It should be noted however that there was no written request for a charge on character evidence in the *McCollom* case. For that reason alone, it was not error to fail to give a character evidence charge. *Spear v. State*, 230 Ga. 74, 76 (195 SE2d 397). The *Cherry* case, supra, however, does hold that a question as to whether Cherry had been convicted of a crime of moral turpitude was not sufficient to place character in evidence, citing *Wilson v. State*, supra, as authority for the holding. *Cherry* states that a charge on good character is only required when direct examination relates to general reputation, good or bad. That indeed is what *Wilson*, supra, holds with one major qualification. *Wilson* applied that rule only to the testimony of a third party attempting to establish the good character of the defendant (testimony of Wilson's mother that he had never been in trouble prior to the crime alleged). *Wilson*, supra, p. 830.

An examination of pertinent cases establishes a difference in admissibility and threshhold requirements where the defendant attempts to show good character through a third party and where he introduces it by his own testimony. As to the testimony of a third party, the rule is clearly stated and discussed in *Hudson v. State*, 163 Ga. App. 845 (4) (295 SE2d 123). That case holds that a defendant may place his character in evidence (through a third party) by testimony as to his reputation in the community in which he lives. This principle is extensively discussed in that case. However, it is clear that a less stringent rule applies where it is the testimony of the defendant himself that introduces the issue. Thus in *Brown v. State*, 237 Ga. 467, 468 (228 SE2d 853), Brown denied committing a robbery, that he had ever robbed anyone, and that he had ever broken the law. At no point did Brown offer evidence as to his general reputation in the community. Nevertheless, the Supreme Court held that based upon the testimony of Brown on direct: "In this case the appellant on direct examination put his character in issue. He denied his involvement in the crime for which he was being tried and went further by adding that he had 'never robbed anybody' nor 'stolen any-

thing from home or my mother.' These additional averments by the appellant placed his character in issue. . . ." Id. See also *Connally v. State*, 161 Ga. App. 519, 521 (288 SE2d 863) where testimony by the accused that he had never been arrested before placed his character in issue. *Murray v. State*, 157 Ga. App. 596 (1) (278 SE2d 2) highlights this dichotomy by pointing out that the defendant can place his character in issue by his *statement* as well as by *introduction of evidence*, citing numerous cases in support thereof. In that case by his own testimony Murray denied involvement in the crime, and contended he did not use drugs and did not sell dope. This was sufficient to put his character in issue.

Thus, *McCollom v. State*, 153 Ga. App. 519, supra, and *Cherry v. State*, 148 Ga. App. 655, supra, are overruled insofar as they hold that a defendant's personal testimony that he had never failed to abide by the law, although not amounting to evidence of reputation in the community, is insufficient to raise the issue of good character. It hardly can be gainsaid that statements by Braddy that he had never before been charged with wrongdoing, that he purchased the stolen silver in good faith and innocent belief, that he was active in his church and taught a Sunday School class and was the associate minister for youth, did indeed put into issue his good character. *Connally v. State*, supra.

The good character of an accused person is a substantive fact, and evidence of such good character should be weighed and considered by the jury in connection with all the other evidence in the case. *David v. State*, 143 Ga. App. 500, 501 (2) (238 SE2d 557). When there is an appropriate request, a proper instruction should be given in every case where the accused person puts his character in issue. *Scott v. State*, 137 Ga. 337 (3) (73 SE 575). To the same effect, see *Knighton v. State*, 72 Ga. App. 43 (1) (32 SE2d 861). Except in rare cases, where no request is made for such an instruction, there is no error in the failure to charge on good character. *Spear v. State*, supra.

In the face of proper requests for instructions on good character, under the evidence in this case, we conclude the trial court erred in denying those requests. Moreover, we cannot conclude that this error was harmless. The jury in this case considered 14 counts of theft by receiving stolen property. Braddy denied criminal involvement or guilty knowledge in his purchase of the silverware in question. The jury had to resolve issues of credibility between the testimony of an admitted thief, who may have been testifying to shift blame or for other personal benefit, and a person who offered substantive evidence of good character as a law-abiding citizen. The jury returned verdicts of not guilty on twelve counts and guilty only on two. We cannot know nor will we speculate what the jury's verdict might have been as to the two counts upon which a guilty verdict was returned had they

been charged in effect that good character standing alone may be sufficient to warrant an acquittal. This omission requires a new trial on the issue of guilt or innocence as to Counts 11 and 12.

*Judgment reversed. Deen, P. J., Quillian, P. J., Banke, P. J., Sognier and Benham, JJ., concur. Carley and Pope, JJ., dissent. McMurray, C. J., concurs in the judgment of the dissent.*

DECIDED SEPTEMBER 27, 1984 —
REHEARING DENIED OCTOBER 16, 1984 ▋

*M. Theodore Solomon II*, for appellant.
*Harry D. Dixon, Jr., District Attorney*, for appellee.

CARLEY, Judge, dissenting.

I must respectfully dissent to the reversal of appellant's conviction and to the majority's overruling of *Cherry v. State*, 148 Ga. App. 655 (252 SE2d 180) (1979) and *McCollom v. State*, 153 Ga. App. 519 (266 SE2d 252) (1980). The majority acknowledges that where the defendant seeks to prove his good character by the use of character witnesses, that proof must take the form of the statutory questions proving his reputation in the community. I disagree with the majority that the rule is different when the defendant seeks a charge on character as a substantive defense based solely upon his testimony which does not prove his reputation. "A person is more likely to act in accord with his character than contrary to it. [Cits.] Thus a defendant may present evidence of his good character as a substantive fact indicative of his innocence. It may, by itself, create a reasonable doubt as to his guilt. [Cit.]

"However, the rule in Georgia is that good character may be proved only by testimony of a witness as to the reputation of the person whose character is in issue. [Cit.] Subject to minor exceptions, the opinion of a witness as to character based on personal observation is not an approved way of introducing evidence of character. [Cits.]" *Waters v. State*, 248 Ga. 355, 366 (283 SE2d 238) (1981).

One of the cases sought to be overruled, *Cherry v. State*, supra, has been cited with approval by and the relevant portion thereof has been emphasized by the Supreme Court of Georgia: " 'A charge on good character is only required when direct examination relates to *general reputation, good or bad*. [Cits.]' *Cherry v. State*, 148 Ga. App. 655 (252 SE2d 180) (1979)." *Aldridge v. State*, 247 Ga. 142, 145, 146 (274 SE2d 525) (1981). (Emphasis in Supreme Court opinion.)

We are not dealing here with a determination as to whether the defendant has placed his character in issue for the purpose of deciding the scope of contrary evidence proffered by the state. See *Phillips v. State*, 171 Ga. App. 827 (321 SE2d 393) (1984). What we are con-

cerned with is the right of a defendant to utilize his good character as a *substantive* defense in the criminal trial. "A defendant in a criminal case who relies for a defense on his character must rely on general good character, and not on a particular trait alone." *Davis v. State*, 60 Ga. App. 772 (5 SE2d 89) (1939). Evidence with regard to a defendant's membership in a church has been held excludable because it is not confined to his "general reputation." See *Whiddon v. State*, 31 Ga. App. 776 (122 SE 95) (1924). " 'A charge on good character is only required when direct examination relates to general reputation, good or bad. [Cit.]' [Cit.] Contrary to appellant's assertions on appeal, the evidence which he contends put his good character into issue was insufficient to meet this 'general reputation' standard. The most that can be said for appellant's evidence of his 'good character' was that it merely identified and described him to be 'an average, nice person.' [Cit.]" *Conner v. State*, 160 Ga. App. 202, 203 (286 SE2d 441) (1981). Unlike the majority, I can find no rational basis for holding that in order for a trial court to be required to charge on character, the underlying evidence must conform to the long established criteria when given by character witnesses while allowing the defendant himself to say, in effect, that he is "an average nice person." Accordingly, I believe that *Cherry* and *McCollom* correctly state the law and I would not overrule those cases. I would affirm appellant's conviction and, therefore, I respectfully dissent.

I am authorized to state that Judge Pope joins in this dissent.