A90A1429. SHELNUTT v. THE STATE.
(397 SE2d 607)

SOGNIER, Judge.

Wayne Shelnutt was found guilty by a Troup County jury of aggravated sodomy (OCGA § 16-6-2 (a)) and fleeing and attempting to elude a police officer (OCGA § 40-6-395). He appeals from the denial of his motion for new trial.

1. Appellant contends the evidence showed only that the act of sodomy was consensual and was insufficient to support a conviction for aggravated sodomy. At trial, the victim, appellant's estranged wife, testified that she and appellant separated in February 1989, she filed for divorce on March 26, and began living with Stacy Hassell in his mobile home in April. On the night of May 3, 1989, she stated, she was alone in the home when appellant came there around 7:30 p.m. and banged on the door and yelled at her. He returned shortly after 10:00 p.m., and she testified that when she opened the door with the intention of asking him to stop disturbing the neighborhood, he forced his way inside, threatening to kill her and Hassell. She attempted to run from him, but he pulled her back inside and prevented her from completing a call to the police. She stated that appellant fondled her breasts and vagina, bit her on the neck, put his fingers inside her mouth and pulled her, and then after a struggle threw her on the bed and forced his penis into her mouth. When she pulled away from him and ran, he ripped her gown off, leaving her naked. She ran to the home of a neighbor, Lavell Thompson, who let her in and called police. Both Thompson and the victim testified that appellant pursued her, breaking into the Thompson home, and dragged the victim outside where he beat her, threw her on the gravel drive, and then drove away.

Thompson, the victim, and another witness to the beating all testified that the victim was bloody and hysterical, and that appellant was threatening to kill her. Photographs showing the victim's cuts and abrasions were admitted into evidence, and the investigating officers also testified that the victim was bloody and bruised, and that they found blood on the walls and floor of the mobile home. In his testimony, appellant admitted struggling with the victim, and acknowledged that he bit her, pulled on her mouth, ripped her gown, chased her next door, and threw her naked onto the gravel drive, but asserted that she consented to perform fellatio.

We find this evidence sufficient to authorize a conviction for aggravated sodomy under the standard set forth in *Jackson v. Virginia*,

443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See *Evans v. State*, 191 Ga. App. 364-365 (1) (381 SE2d 760) (1989).

2. Appellant's other enumeration concerns the trial court's failure to charge the jury on good character. He contends that, under *Seymour v. State*, 102 Ga. 803 (30 SE 263) (1898), such a charge was required even absent a request because the case involved exceptional circumstances and good character was his sole defense.

"The courts of this state have consistently recognized the validity of a good character defense, [cits.], and have held that good character should be considered by court and jury. [Cit.] Decisions of Georgia's appellate courts subsequent to *Seymour* have distinguished the departure in that case from the general rule requiring a timely request, however, and have confined its application to 'exceptional cases' like *Seymour*, in which the good character defense was the sole defense against the necessarily uncorroborated allegations of the prosecuting witness, and the state's case, apart from those allegations, was based solely on highly tenuous circumstances and was extremely weak. [Cits.] Moreover, Georgia courts have held that, other than in cases of the *Seymour* type, the court's failure to give an instruction on good character, absent a timely request, does not warrant a new trial. [Cits.]" *Riceman v. State*, 166 Ga. App. 825, 826-827 (1) (305 SE2d 595) (1983).

We find neither of the *Seymour* factors present in the case at bar. While this case may be unusual in that the victim was appellant's estranged wife, the facts presented by the State, unlike the proof in *Seymour*, set forth a strong case based on direct testimony of the victim and eyewitnesses. Further, as in *Taylor v. State*, 176 Ga. App. 567, 569 (2) (336 SE2d 832) (1985), here good character was not appellant's sole defense. In addition to testifying that he had never been in trouble before and had been steadily employed for a number of years, appellant also stated that he did not force the victim to commit sodomy, but that she willingly performed oral sex. Accordingly, we find no reason to apply *Seymour*, and thus find no reversible error in the failure to charge on good character. See id.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 1, 1990.

*Ellis C. Smith*, for appellant.
*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Assistant District Attorney*, for appellee.