A10A1606. WALKER v. THE STATE.

(701 SE2d 523)

PHIPPS, Presiding Judge.

　　After a jury trial, Antoine Walker was convicted of kidnapping with bodily injury, robbery, simple assault, and two counts of battery. The trial court merged the battery convictions into the kidnapping conviction for purposes of sentencing. Walker argues that the court erred in failing to charge the jury on good character evidence and in failing to merge the simple assault conviction into the kidnapping conviction for purposes of sentencing. Finding no error, we affirm.

　　The charges against Walker arose from an incident on June 9, 2006. The victim testified that Walker approached her as she was getting into her car, which was parked in a lot outside a restaurant. Walker asked her for help with a flat tire, then forced his way into her car, sitting on top of her and driving the car out of the parking lot. Walker told the victim that he had a gun, and she "began to yell and scream." The two struggled, and Walker bit and hit the victim, injuring her. Walker stopped the car in the parking lot of a nearby church and dragged the victim out of and around the car. The victim fled toward the church, and she saw Walker get back into the car and drive away.

　　Walker testified to a different version of the incident. He stated that, while in the restaurant parking lot, he observed the victim

getting into a car that had two tires that were flat or low on air. He mentioned the tires to her, asked if she needed assistance, and told her that he would need to engage her parking brake. Believing that she acceded, Walker opened the driver's side door and reached into the car. The victim screamed, put the car into gear, and accelerated, with Walker inside the car. Walker was afraid for his life, and began struggling with the victim and yelling for her to stop the car. When the car stopped in the church parking lot, both Walker and the victim got out of it, and the victim began to run away, falling several times and injuring herself. Walker panicked, got back into the car, and drove away, before losing control of and crashing the car.

1. Citing *Braddy v. State*,[1] Walker contends that he was entitled to a jury charge on good character evidence. He asserts that the court's failure to give his requested charge was reversible error because he had put his character into evidence. Specifically, Walker points to his testimony concerning his educational background, employment history, and family, and he points to the following exchange during his direct examination:

> Q. And, sir, you understand by testifying here today, the district attorney can present to this jury any convictions you have for felonies and any convictions you have for any crimes of moral turpitude; do you understand that?
>
> A. Yes, sir, I understand.

We held in *Braddy* that "[w]hen there is an appropriate request, a proper instruction [on good character evidence] should be given in every case where the accused person puts his character in issue."[2] Therein, we noted that the defendant, who had been charged with theft by receiving, had testified that he had never been charged with wrongdoing before, that he had purchased the stolen goods in good faith, and that he was active in his local church, teaching a Sunday School class and serving as associate minister of youth.[3] We held that, through this testimony, the defendant elected to put his good character at issue, and that under the circumstances the court's refusal to give the defendant's requested charge on good character evidence was reversible error.[4]

---

[1] 172 Ga. App. 386 (323 SE2d 219) (1984), aff'd, *State v. Braddy*, 254 Ga. 366 (330 SE2d 338) (1985).

[2] *Braddy*, 172 Ga. App. at 389 (2).

[3] Id. at 387.

[4] Id. at 389-390 (2); see also *State v. Braddy*, supra, 254 Ga. at 368 (defendant's testimony about his specific acts, which included church activities and absence of trouble with the law, raised the issue of his character). But see *Godsey v. State*, 271 Ga. App. 663, 664 (610 SE2d 634)

Unlike the defendant in *Braddy*, however, Walker neither testified to specific prior acts of good character nor made any statement concerning whether he had ever before been charged with wrongdoing. The testimony he cites as putting his character into evidence — that he had gone to school, had worked, and had a family, and that he understood the implications of testifying — did not reflect upon his character in any respect.[5] Nor did his account of the incident put his character into evidence.[6] Accordingly, the trial court did not err in refusing to charge the jury on good character.[7]

2. Walker contends that his conviction for simple assault should have merged with his conviction for kidnapping with bodily injury for sentencing purposes.[8]

"OCGA § 16-1-7 (a) (1) prohibits a defendant [from] being convicted of more than one crime when the same conduct of the accused establishes the commission of more than one crime and one crime is included in the other."[9] Simple assault was established by evidence that the victim was placed in reasonable apprehension of immediately receiving a violent injury when Walker told her he had a gun.[10] Kidnapping with bodily injury, on the other hand, was established by evidence that Walker had abducted and held the victim against her will in the car, driving from one location to another, during which time the victim received bodily injuries.[11] Thus, the same conduct did not establish the commission of both offenses, and accordingly, the court did not err in declining to merge the two convictions for purposes of sentencing.[12]

*Judgment affirmed. Miller, C. J., and Johnson, J., concur.*

---

(2005) (defendant's testimony that he had no criminal record, standing alone, did not invoke the issue of good character or obligate the trial court to charge on good character evidence).

[5] See *Rucker v. State*, 177 Ga. App. 779, 782 (5) (341 SE2d 228) (1986) (defendant's statements that he worked and minded his own business did not amount to evidence of good character because neither averment provided a key to an individual's moral fiber).

[6] See generally *Howard v. State*, 202 Ga. App. 574, 575-576 (415 SE2d 45) (1992) (defendant's specific denial of the crime charged did not put character into evidence).

[7] *Rucker*, supra. Compare *Rice v. State*, 178 Ga. App. 748, 749-750 (2) (344 SE2d 720) (1986) (defendant's testimony that he had not been in trouble with the law since a conviction 12 years prior, that his character had since been good, and that he was honorably discharged from the Air Force, was sufficient to put his character at issue so as to require the court to give his requested charge on good character evidence).

[8] Walker's trial occurred in April 2008. The statute setting forth the offense of kidnapping was since amended, effective July 1, 2009, and now provides that "[t]he offense of kidnapping shall be considered a separate offense and shall not merge with any other offense." OCGA § 16-5-40 (c).

[9] *Bell v. State*, 284 Ga. 790, 791 (1) (671 SE2d 815) (2009).

[10] OCGA § 16-5-20 (a) (2) (defining simple assault).

[11] OCGA § 16-5-40 (a) (defining kidnapping).

[12] *McCloud v. State*, 284 Ga. 665, 666 (3) (670 SE2d 784) (2008) (citation omitted).

DECIDED SEPTEMBER 10, 2010.

*Sharon L. Hopkins*, for appellant.

*Daniel J. Porter, District Attorney, Jimmie E. Baggett, Jr., Assistant District Attorney*, for appellee.