# Court of Appeals
# of the State of Georgia

ATLANTA,  April 11, 2024

*The Court of Appeals hereby passes the following order:*

## A24A1141. ANTOINE WALKER v. THE STATE.

In 2008, a jury found Antoine Walker guilty of kidnapping with bodily injury, robbery, simple assault, and two counts of battery. The trial court merged the two battery convictions and imposed a total sentence of life plus fifteen years in prison, to be followed by seven years on probation. We affirmed Walker's judgment of conviction in 2010. *Walker v. State*, 306 Ga. App. 16 (701 SE2d 523) (2010).

On November 14, 2023, Walker filed a pro se "Priority [Illegible] Based Upon Official Misconduct During Sentencing Hearing," and, on November 27, 2023, he filed a pro se "Demand for Entry of Judgment as a Matter of Law." In both filings, Walker asked the trial court to correct and/or vacate his sentences, which, he alleged, are void. The trial court construed both filings jointly as a motion to vacate a void sentence, which the court denied. Walker then appealed to the Supreme Court of Georgia, which transferred the matter to this Court. *Walker v. State*, Case No. S24A0540 (Feb. 20, 2024). We lack jurisdiction.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later. *Frazier v. State*, 302 Ga. App. 346, 348 (691 SE2d 247) (2010). Once, as here, that statutory period expires, a trial court may modify only a void sentence. Id. "A sentence is void if the court imposes punishment that the law does not allow." *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004) (citation and punctuation omitted). When a sentence falls within the statutory range of punishment, it is not void and is not subject to modification beyond the time provided in OCGA § 17-10-1 (f). See id.;

see also *von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013) ("Motions to vacate a void sentence generally are limited to claims that — even assuming the existence and validity of the conviction for which the sentence was imposed — the law does not authorize that sentence, most typically because it exceeds the most severe punishment for which the applicable penal statute provides."). And a direct appeal does not lie from the denial of a motion to modify a sentence filed outside the statutory time period unless the motion raises a colorable claim that the sentence is, in fact, void. *Frazier*, 302 Ga. App. at 348.

In his November 14 filing, Walker argued that his sentence is void because: (i) the trial court erroneously treated the kidnapping with bodily injury as a "separate offense" from the robbery; (ii) the severity of his sentence resulted from his decision to go to trial; (iii) the sentence resulted from improper ex parte communications; and (iv) the sentence is "unconstitutionally excessive" because it is "grossly out of proportion to the severity of the crime." In his November 27 filing, Walker further argued that the sentences imposed for each offense are "unconstitutionally excessive" because they "are solely dependent upon and the same [sic]." Notably, however, Walker did not allege that any of his sentences fall outside the statutory ranges of punishment for the crimes of which he was convicted. See *von Thomas*, 293 Ga. at 572 (2). Walker therefore has not raised a colorable void-sentence claim, as a result of which this appeal is hereby DISMISSED. See *Frazier*, 302 Ga. App. at 348-349.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,*   04/11/2024

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*