56139. COFER v. SCHULTZ.

SMITH, Judge.

The Department of Public Safety suspended the appellee's driver's license for six months on the basis of appellee's alleged refusal to take an intoximeter breath test as required by the Implied Consent Law. Ga. L. 1975, pp. 1008, 1028 (Code Ann. § 68B-306). The appellee requested a hearing, and a hearing officer found that the appellee had, in fact, refused, notwithstanding the appellee's assertion that he had not refused to take the test, but had been rendered unable to do so by an infirmity known as hyperventilation syndrome. The appellee

appealed to the superior court, which reversed the suspension. The Department of Public Safety, through its Commissioner, appealed the reversal to this court. We find that, as a matter of administrative law, the superior court erred in reversing the hearing officer's finding of fact, which finding was based on evidence in the hearing record. Other contentions raised by the appellee are not properly before us on this appeal. The judgment is reversed.

1. The arresting police officer testified without equivocation that the appellee had refused to take the breath test after being asked to do so. The appellee testified that he tried to take the test but was prevented by his illness. He produced evidence sustaining his contention that he sometimes—especially when under stress—suffered from hyperventilation syndrome, a condition which could render it impossible to take such a breath test. On this conflicting evidence, the hearing officer found as fact that the appellee had refused the test. The superior court stated in its finding of fact that the evidence failed to support the hearing officer's conclusion, and the superior court substituted its own finding that the appellee had been physically unable to take the test. However, because there was evidence to support the hearing officer's factual determination, that determination can not be disturbed on appeal absent some error of law. Administrative Procedure Act § 20(h)(1) (Code Ann. § 3A-120 (h) (1); *Ga. Real Estate Commission v. Hooks,* 139 Ga. App. 34 (227 SE2d 864) (1976). The superior court, in its appellate role, erred in overturning the factual conclusion of the hearing officer.

2. In his appeal to the superior court, the appellee presented an alternative contention concerning an alleged arbitrary alteration of the dates of suspension of the license. The superior court did not rule on this challenge, and no appeal or cross appeal was filed by the appellee. Thus, we are without jurisdiction to consider these arguments on this appeal.

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

SUBMITTED JUNE 28, 1978 — DECIDED JULY 14, 1978.

Arthur K. Bolton, Attorney General, William B. Hill, Jr., Staff Assistant Attorney General, for appellant.
Weekes, Candler, Sams & Weatherly, Gary M. Sams, for appellee.