### 56783. LONGINO v. COFER.

MCMURRAY, Judge.
Longino was seen weaving while driving northbound on Peachtree Industrial Boulevard in Chamblee, Georgia. A Chamblee police officer stopped Longino and placed him under arrest for crossing the center line. The police officer detected an odor of alcohol on Longino's breath and noted that his face was flushed and eyes bloodshot.

Longino was advised of the provisions of the Georgia Implied Consent Law when the arresting officer read from

a card which states that, "Under Georgia Code 68B-306 requires you to submit to a State-administered chemical test of your blood, breath, urine or other bodily substances for the purpose of determining alcoholic or drug content. And under Georgia Code 68A-902.1 states that you have the right to an additional test of the foregoing substances made by personnel of your own choosing if you so desire. This additional test in no way satisfies your obligation to submit to the State-administered chemical test. Should you refuse my request that you submit to the State-administered chemical test, your driver's license will be suspended for a period of six months. Will you submit to a State-administered chemical test of your breath under the Implied Consent Law?" The arresting officer stated that Longino refused to take the test after he was advised again that a refusal to do so would result in the suspension of his driver's license.

Longino was taken to the Chamblee police department where in front of the photo-electric intoximeter he was again advised of the Implied Consent Law and again refused to take the state administered test of his breath. Longino stated that he wanted to take a blood test and was transported to a hospital so that his family physician could administer a blood test.

The arresting officer made his sworn report of Longino's refusal to take the breath test to the Department of Public Safety as provided by Code Ann. § 68B-306 (c) (Ga. L. 1975, pp. 1008, 1028). Longino, when notified that his license was to be suspended, requested an administrative review. The suspension was sustained on administrative review, and Longino pursued his right to file for a judicial review of the final decision of the Department of Public Safety. This judicial review was unsuccessful, the suspension being again sustained; and Longino appeals to this court, contending that the superior court erred in failing to reverse the final decision of the Department of Public Safety. *Held:*

1. Longino contends that he never refused to take the breath test designated by the officer, but that due to his being confused and disoriented at the time, he thought he had the right to choose the blood test and responded only that he wanted a blood test. The testimony of Longino

which is the foundation of this contention is contradicted by the testimony of the arresting officer. The hearing officer's factual determination, being supported by any evidence, may not be disturbed on appeal absent some error of law. *Cofer v. Schultz,* 146 Ga. App. 771 (1).

2. Code Ann. § 68B-306 (c), supra, provides in part: "If a person under arrest refuses upon the request of a law enforcement officer to submit to a chemical test designated by the law enforcement officer as provided in paragraph (a) of this section, *none shall be given . . .*" (Emphasis supplied.) Longino contends that under this language the blood test which he requested and received should not have been permitted. This contention is based on an incorrect construction of this language, which is intended to forbid the imposition of a chemical test, to determine the alcoholic or drug content of the blood, on an unwilling subject.

3. Longino's remaining contentions are predicated on factual assertions which are not supported by any evidence in the record of this case. The burden is on the party alleging error to show error. *Marco Publications v. Southern Airways,* 139 Ga. App. 808, 809 (1) (229 SE2d 664).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED OCTOBER 17, 1978 — DECIDED NOVEMBER 14, 1978 — REHEARING DENIED DECEMBER 5, 1978 — ▮▮▮▮▮▮▮▮

*Thomas A. Bowman,* for appellant.

*Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General, William B. Hill, Jr., Staff Assistant Attorney General,* for appellee.