## 57222. FELTHAM v. COFER.

BIRDSONG, Judge.

Marshall Feltham was arrested for making an illegal turn, driving under the influence of intoxicants, and resisting arrest. He was informed of the provisions of the implied consent law and was requested to submit to an alcohol analyzation test. He was also informed as to his right to seek a private test. Upon his refusal to submit to the test, a report was made to the Department of Public Safety, which department subsequently suspended Feltham's driver's license for a period of six months. Feltham requested an administrative hearing to contest the suspension of his license. At that hearing, the above facts were developed. Feltham disagreed with the facts of the arrest and contended that the officer did not advise Feltham of the implied consent law; did not advise him that he must submit to an analyzation test or suffer the suspension of his license; or that he (Feltham) was entitled to a private test. Feltham did admit that he refused to submit to the test at the precinct station, but

claimed that he did so out of ignorance of his actual rights and obligations. Because Feltham realized that this would be a typical "swearing match" between himself and the police officer, Feltham submitted the results of a polygraph examination which reflected that the test did not show Feltham to be lying in his assertions. This polygraph test result was accepted by the hearing officer without comment.

The hearing officer found that the arresting officer had probable cause to arrest Feltham for DUI, that Feltham was advised fully of his rights, that Feltham refused to submit to an analyzation test, and that just cause existed to suspend Feltham's license.

Feltham being dissatisfied with the hearing officer's findings and conclusions appealed to the Board of Public Safety. Feltham subsequently ascertained that in its affirmance of the hearing officer's findings, conclusions and award, the Board of Public Safety did not consider the polygraph results (nor apparently did the hearing officer) on the grounds that the results of a polygraph are not admissible in evidence in the absence of a stipulation by the parties to admissibility. Feltham then sought a judicial review of the affirmance of the Board of Public Safety. The superior court sustained the refusal to consider the polygraph results as well as the findings, conclusions and suspension of Feltham's license.

Feltham has brought this appeal asserting some six alleged errors. *Held:*

1. In his first two enumerations of error, appellant argues that the trial court erred in concluding that the hearing officer and the Board of Public Safety correctly refused to consider the results of the polygraph examination because the Administrative Procedure Act authorizes into evidence matters not admissible under superior court rules of evidence: "When necessary to ascertain facts not reasonably susceptible of proof under such rules, . . . except where precluded by statute if it is of a type commonly relied upon by reasonably prudent men in the conduct of their affairs." Ga. L. 1964, pp. 338, 350; 1965, pp. 283, 293 (Code Ann. § 3A-116 (a)).

Appellant misconceives the purpose of the exception to the rules of evidence applicable in the superior courts.

There is no indication in this record that a stipulation was entered into that a polygraph test would be administered to Feltham and that the results would be admissible. At best, the record shows that the hearing officer accepted a document offered by Feltham without comment, thus perfecting the record. It is the undisputed law of this state that the results of a polygraph examination are not admissible into evidence and have no probative value. *Salisbury v. State,* 221 Ga. 718 (146 SE2d 776); *Cagle v. State,* 132 Ga. App. 227 (2) (207 SE2d 703). In the absence of a stipulation of admissibility, this general rule of inadmissibility applies. *State v. Chambers,* 240 Ga. 76, 79 (239 SE2d 324); *Scott v. State,* 146 Ga. App. 25, 26 (245 SE2d 360). The facts of this case were easily susceptible of proof. The problem confronting the hearing officer concerned itself with credibility. We do not conceive questions of credibility as an evidentiary matter coming within the exception to the relaxation of the rules of evidence. In the absence of a stipulation that the parties wished to solve the credibility dispute by admitting the results of a polygraph test, the hearing officer and the Board of Public Safety did not err in refusing to consider the results of the test.

2. The remaining four enumerations of error all relate to assertions that the judicial review did not consider appellant's contentions (1) that he was not advised of his right to an independent test, (2) that the ultimate exercise of his right to refuse the test was based upon a misapprehension of his rights, (3) that there was no probable cause for his apprehension for DUI, and (4) that the finding and conclusion by the hearing officer that the improper turn gave probable cause to believe that Feltham was under the influence of an intoxicant was unsupported by the evidence.

These contentions are all without merit. The hearing officer heard all the testimony. He was aware that Feltham contested that he was advised of his right to an independent test, the reasons assigned by Feltham for his refusal to take the test, and the dispute as to what caused the officer to apprehend Feltham and the physical evidence showing that Feltham was indeed intoxicated or appeared to be so. The hearing officer made positive

findings as to each of the requirements for suspension of license, finding that there was probable cause to apprehend Feltham, there was probable cause to believe that Feltham was intoxicated and that a full warning of his rights was given to Feltham. The affirmative findings perforce amounted to a rejection of each of Feltham's contentions. Each of these findings and conclusions of the hearing officer is supported at least by some evidence. The hearing officer's factual determinations being supported by any evidence, may not be disturbed on appeal to the superior court or this court absent some error of law. *Longino v. Cofer,* 148 Ga. App. 341, 343 (251 SE2d 113); *Cofer v. Schultz,* 146 Ga. App. 771 (1) (247 SE2d 586). There being no error of law, these four enumerations of error are without merit.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED FEBRUARY 7, 1979 — DECIDED MARCH 16, 1979.

*Thomas W. Hall,* for appellant.
*Arthur K. Bolton, Attorney General, Russell N. Sewell, Jr., Assistant District Attorney,* for appellee.