## 67062. PHILLIPS v. THE STATE.

BANKE, Judge.

Kelley Phillips appeals his conviction of fraud in obtaining public assistance. *Held:*

1. Phillips enumerates as error the trial court's failure to declare a mistrial or rebuke the state's attorney when the latter asked him during cross-examination if he had ever been indicted for bigamy. This question was evidently asked to impeach Phillips' testimony on direct examination that he had no prior felony record. The trial court sustained an objection to the question, instructed the jury to disregard it, and admonished the state's attorney to use a proper method of impeachment if he wished to pursue the matter. This line of questioning was not continued.

"The extent of a rebuke and curative instruction is within the discretion of the trial court." *Everett v. State,* 160 Ga. App. 809 (288 SE2d 233) (1982), citing *Benefield v. State,* 140 Ga. App. 727 (3) (232 SE2d 89) (1976). In the instant case the trial court acted immediately at the time the objection was made and before the question was answered. We cannot say that the actions taken by the trial court were so inadequate as to constitute an abuse of discretion. See *Morris v. State,* 160 Ga. App. 505 (2) (287 SE2d 405) (1981).

2. Phillips further contends that the trial court erred in its charge to the jury regarding certain Department of Human Resources (DHR) regulations admitted at trial, governing the issuance of food stamps. A DHR employee testified that she had used these regulations to determine Phillips' actual entitlements to public assistance during the period of time at issue. Portions of the regulations admitted into evidence were not in effect at the time of the offenses, yet all four volumes were admitted without objection as to relevancy.

The jury was instructed that eligibility for public assistance and amount of entitlement were determined in accordance with these regulations and that they "may refer to them . . . in conjunction with all other evidence." Phillips contends that these instructions erroneously allowed the jury unbridled discretion to consider regulations which were not in effect and to disregard the directives which were applicable; however, he does not specify the particular regulations which he contends were applicable to the case, nor does he specify the particular regulations which were allegedly inapplicable and prejudicial to him. Thus, he has made no showing that the court's instructions were harmful to him in any way. See generally *Simmons v. State,* 155 Ga. App. 716 (3) (272 SE2d 506) (1980); *Leonard v. State,* 146 Ga. App. 439 (4) (246 SE2d 450) (1978).

In the instant case the trial court properly instructed the jury that they were the sole judges of the facts, the credibility of witnesses, and the weight of the evidence, and he also instructed them properly as to the burden of proof, the presumption of innocence, and other relevant matters. A jury instruction must be examined in its entirety, not considered in isolation. See *Blankenship v. State,* 247 Ga. 590 (3) (277 SE2d 505, reconsideration denied, 280 SE2d 623) (1981). Considered in their entirety, the instructions in the instant case were proper, and the complained of error has no merit.

3. Phillips' remaining contention is that the trial court erred in charging the jury that a defendant in a criminal case has the right to introduce evidence of good character, as this called to the jury's attention the fact that he had introduced no such evidence. Inclusion of this instruction did not constitute reversible error, as the appellant testified he had no prior felony record, and it has been held that such testimony places an accused's character in issue. See *Connally v. State,* 161 Ga. App. 519 (2) (288 SE2d 863) (1982); *Murray v. State,* 157 Ga. App. 596 (1) (278 SE2d 2) (1981).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED OCTOBER 26, 1983.

*Ralph M. Walke,* for appellant.
*Beverly B. Hayes, Jr., District Attorney, William T. McBroom, Assistant District Attorney,* for appellee.