## 68459. HARDISON v. SELLERS.

BIRDSONG, Judge.

This appeal is from the superior court's reversal of the six-month

suspension of appellee's driver's license because of his alleged refusal to submit to an intoximeter breath test as required by the implied consent law, OCGA § 40-5-55. *Held*:

1. The facts of this case are similar in many respects to the facts of *Cofer v. Schultz*, 146 Ga. App. 771 (247 SE2d 586). As in *Cofer*, "[t]he appellee requested a hearing, and a hearing officer found that the appellee had, in fact, refused [to take the test], notwithstanding the appellee's assertion that he had not refused to take the test, but had been rendered unable to do so by [the flu]. . . . The arresting officer testified without equivocation that the appellee had refused to [cooperate in taking] the breath test after being asked to do so. The appellee testified that he tried to take the test but was prevented by his illness. . . . On this conflicting evidence, the hearing officer found as fact that the appellee had refused the test. . . . [B]ecause there was evidence to support the hearing officer's factual determination, that determination can not be disturbed on appeal absent some error of law." Id. pp. 771-772.

2. Both appellee and the arresting officer testified that appellee requested a blood test in lieu of the breath test, which he claimed to be unable to perform because of his alleged flu. The officer testified that he advised appellee of his right to have an alternative test but that he had the right to an alternative test only after he agreed to submit to the designated test. The superior court determined that the officer wrongfully refused to administer the requested blood test.

We have already determined that the record contains ample evidence to support the hearing officer's conclusion that appellee in fact refused to submit to the breath test. OCGA § 40-6-392 (a) (3) merely gives the person tested the right to "a chemical test or tests *in addition to* any administered at the direction of a law enforcement officer." (Emphasis supplied.) The refusal to submit to the breath test alone was sufficient to warrant the suspension. See *Longino v. Cofer*, 148 Ga. App. 341 (251 SE2d 113).

3. We further agree with appellant's contention that the trial court erred in holding that the department should have issued a temporary license to appellee pending judicial review of the agency decision. OCGA § 40-5-55 (e) specifically provides that "the order of the department shall not be stayed" pending judicial review of the department's final decision. Accordingly, the department was not required to issue a temporary license pending judicial review of its decision.

4. Appellee's constitutional challenges to the implied consent law and procedure for suspending driving privileges pursuant to that law are without merit. *Garrett v. Dept. of Public Safety*, 237 Ga. 413 (1) (228 SE2d 812).

*Judgment reversed. Quillian, P. J., and Carley, J., concur.*

DECIDED JUNE 25, 1984.

*Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Victoria H. Soto, Assistant Attorney General,* for appellant.

*B. Andrew Prince,* for appellee.