71409. RUCKER v. THE STATE.
(341 SE2d 228)

McMURRAY, Presiding Judge.

Defendant was convicted of theft by taking and aggravated assault (with intent to rape) and this appeal followed. *Held*:

1. The defendant and the victim resided in the same apartment complex. The victim testified that she awakened in the early morning hours to find that the drapes covering her bedroom window had been

opened allowing a bright light to enter from outside, and that defendant was standing over her with a knife in his hand. She further stated she was able to see defendant clearly as he leaned over to touch her; that defendant said he would stab her unless she did what he wanted; and that she had sufficient time to scrutinize defendant. She testified further that a sum of money had been taken from her purse during the night; that she saw defendant standing outside of her apartment a few hours after she was assaulted and recognized him immediately; and that she positively identified defendant shortly thereafter when an apartment security guard brought him by her apartment for identification. There was additional evidence that defendant's physical characteristics fit the description which the victim first gave to police; that a search of the apartment complex was made by the apartment security guard only minutes after the assault; and that no persons were seen in the vicinity of the complex at that time.

In his first enumeration of error, defendant contends the evidence was insufficient to support the verdict. In this regard, defendant argues that the victim's identification testimony was not sufficient to establish defendant's guilt beyond a reasonable doubt. We disagree. The evidence was sufficient to authorize a rational jury to find defendant guilty beyond a reasonable doubt of theft by taking and aggravated assault (with intent to rape). *Dumas v. State,* 162 Ga. App. 66 (290 SE2d 180); *Quong v. State,* 157 Ga. App. 532 (1) (278 SE2d 122). See *Fair v. State,* 172 Ga. App. 49, 50 (3) (321 SE2d 790). Contrary to defendant's assertion, the identification testimony of the victim was admissible and reliable. See generally *McClesky v. State,* 245 Ga. 108, 111 (263 SE2d 146).

2. Defendant contends the trial court erred in denying his motion for directed verdict of acquittal because the proof of intent to rape was insufficient. This contention is without merit.

At the time of the assault, the victim was lying in her bed and was clothed only in a nightgown. Defendant loomed over the victim, held up a knife and said: "Bitch, if you don't let me do what I want to do then I'm going to kill you and your baby. I'm going to stab you thirteen times." Then defendant reached for the victim. The victim screamed and defendant fled.

"A trial court must grant a motion for directed verdict unless, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560)." *Lee v. State,* 247 Ga. 411, 412 (6) (276 SE2d 590). See *Humphrey v. State,* 252 Ga. 525, 526 (1), 527 (314 SE2d 436). Viewing the evidence in the light most favorable to the State, we conclude that the evidence was sufficient to enable a rational trier of fact to find beyond a reasonable doubt that defendant

intended to rape the victim. "It is not necessary for the state to show that appellant expressed an intent to [rape] in so many words, or declared a purpose to carry the intent into effect, for the jury to arrive at the conclusion he so intended. The intention may be gathered from the circumstances of the case as proved." *Fears v. State*, 152 Ga. App. 817, 820 (2) (264 SE2d 284).

3. The indictment charged defendant "with the offense of AGGRAVATED ASSAULT WITH INTENT TO RAPE, for that said accused, in the County of Fulton, State of Georgia, on the 23rd day of June, 1984 did unlawfully commit an assault upon the person of [the victim], a female, and did strike and beat and lay his hands upon said female, all with intent to have carnal knowledge of and connection with said female, forcibly and against her will . . ." Defendant contends the court should have granted his motion for directed verdict of acquittal because the State failed to prove that the victim's assailant laid his hands upon her in any manner. This contention is erroneous.

"When an indictment charges a crime was committed in more than one way, proof that it was committed in one of the separate ways or methods alleged in the indictment makes a prima facie case for jury determination as to guilt or innocence. See *Jones v. State*, 75 Ga. App. 610 (4), 615 (44 SE2d 174); *Leverenz v. State*, 140 Ga. App. 632, 634 (231 SE2d 513)." *Henry v. State*, 154 Ga. App. 120 (1) (267 SE2d 653). Here the indictment alleges that defendant assaulted the victim *and* that he beat her, etc., *all* with an intent to rape. In view of the conjunctive form of the indictment, it was not incumbent upon the State to prove that defendant physically struck or touched the victim.

The evidence demonstrated that defendant assaulted the victim with intent to rape, as alleged in the indictment. Thus, the trial court did not err in denying the motion for directed verdict of acquittal on the ground that the evidence failed to show defendant beat or struck the victim. *Henry v. State*, 154 Ga. App. 120 (1), supra; *Mitchell v. State*, 154 Ga. App. 399 (2) (268 SE2d 360). See *Humphrey v. State*, 252 Ga. 525, 526 (1), 527, supra.

4. Defendant's contention that the trial court erred in refusing to permit him to put the results of a polygraph test in evidence is without merit. First, we note that defendant failed to make an offer of proof of the results of the test. Thus, it is difficult, at best, to rule upon defendant's contention. See *American Family Life Assur. Co. v. Welch*, 120 Ga. App. 334, 340 (170 SE2d 703). Second, even if such an offer of proof had been made we would find no error because the State did not stipulate to the admissibility of the test results. "Absent an express stipulation by the State and the accused that the results of a polygraph test will be admitted in evidence, the results are inadmissible." *Willis v. State*, 249 Ga. 261, 265 (290 SE2d 87). See *Feltham v.*

*Cofer,* 149 Ga. App. 379, 380 (1), 381 (254 SE2d 499). The require-
ment set forth in *McMorris v. Israel,* 643 F2d 458 (7th Cir. 1981)
(prosecutor must give "valid reasons" for refusal to stipulate poly-
graph test admissibility), has been rejected by our Supreme Court
and the Eleventh Circuit Court of Appeals. *Willis v. State,* 249 Ga.
261, supra; *Jones v. Weldon,* 690 F2d 835 (11th Cir. 1982).

5. During cross-examination, defendant was asked whether he
had seen an automobile belonging to the victim's husband on the
night in question. He responded: "I don't know sir. I don't go looking
for trouble for one thing. Let's get that understood." Based upon this
statement and defendant's testimony on direct examination that he
was gainfully employed, defendant requested a charge on good char-
acter. Error is enumerated upon the denial of that request.

We agree with the trial court that defendant's testimony was not
sufficient to raise the character issue. Unlike *Braddy v. State,* 172 Ga.
App. 386 (323 SE2d 219), aff'd 254 Ga. 366 (330 SE2d 338), defendant
in the case sub judice did not state he had never been charged with
wrongdoing before, and neither did he state that he was active in his
church, taught Sunday School, or was an associate minister of youth.
He merely stated, in effect, that he works and minds his own busi-
ness. These averments by the defendant in the case sub judice can
hardly be said to constitute evidence of good character. Neither aver-
ment provides a key to an individual's moral fiber. See generally *Con-
ner v. State,* 160 Ga. App. 202, 203 (5) (286 SE2d 441). Compare *Phil-
lips v. State,* 168 Ga. App. 629, 630 (3) (310 SE2d 259). Accordingly,
the trial court did not err in refusing defendant's request to charge on
good character.

6. "The trial court did not err in instructing the jury on circum-
stantial evidence. As the State points out, although most of the evi-
dence adduced was in the nature of direct evidence, there was also
some circumstantial evidence. *Pierce v. State,* [230 Ga. 766 (199 SE2d
235)], at 770. Moreover, it is well settled in Georgia law that absent
extraordinary circumstances not obtaining in the instant case, it is
not harmful error to give a jury instruction on circumstantial evidence
even if none is actually present in the case, inasmuch as such an in-
struction would ' "g(i)ve (the defendant) a rule more favorable than
he could claim." ' *Latimer v. State,* 188 Ga. 775, 777 (4 SE2d 631)
(1939), quoting *Smith v. State,* 140 Ga. 791 (79 SE 1127) (1913); *Nes-
tor v. State,* 122 Ga. App. 290, 291 (176 SE2d 637) (1970). This enu-
meration, too, is without merit." *Barnes v. State,* 171 Ga. App. 478,
482 (4) (320 SE2d 597).

7. The trial court did not err when it instructed the jury concern-
ing the types of aggravated assault even though defendant was only
accused of aggravated assault (with intent to rape). *Griffin v. State,*
168 Ga. App. 696, 698 (3) (310 SE2d 278).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED JANUARY 7, 1986 —
REHEARING DENIED FEBRUARY 12, 1986 — 

Carl P. Greenberg, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Harvey W. Moskowitz, Assistant District Attorneys, for appellee.