## 71679. WILLIAMS v. THE STATE.

(345 SE2d 59)

McMURRAY, Presiding Judge.

Defendant was convicted of aggravated assault and three counts of kidnapping. The evidence demonstrated that defendant shot a police officer and thereupon commandeered an automobile which was occupied by three persons. Following his convictions, defendant appealed. *Held*:

1. In the first enumeration of error, defendant contends the trial court erred by charging the jury that a witness may be impeached by evidence of his general bad character or the conviction of an offense involving moral turpitude. During cross-examination of defendant's mother, the witness voluntarily made reference to defendant's criminal record. Thereupon, the State questioned defendant's mother about his prior burglary conviction, and ultimately, a certified copy of the conviction was admitted into evidence. Subsequently, defendant chose to take the witness stand.

The jury may have determined defendant to have been im-

peached by his prior burglary conviction. Under these circumstances, we cannot say the court erred in its charge. See generally *Green v. State*, 124 Ga. 343, 344 (6) (52 SE 431); *Phillips v. State*, 168 Ga. App. 629, 630 (3) (310 SE2d 259). It was not incumbent upon the trial court to instruct the jury that the evidence of the prior burglary conviction was admitted for a limited purpose. See *Jones v. State*, 242 Ga. 893, 895 (5) (252 SE2d 394). The first enumeration of error is without merit.

2. In part, the trial court charged the jury: "[I]f from a consideration of the evidence, or from a lack of evidence, or from the testimony of the defendant alone there rests upon your minds a reasonable doubt as to the guilt of the defendant beyond a reasonable doubt as to Count One, the aggravated assault charge, then it would be your duty to acquit the defendant of that charge, and the form of your verdict in that instance would be: We the jury find the defendant not guilty under Count One. And that would obviously have to be signed and dated . . . Then you would move to Count Two and you would go through the exact process. If, after considering all of the facts and circumstances as disclosed by the evidence you believe beyond a reasonable doubt that this defendant is guilty of kidnapping as charged in Count Two, then in that event you would be authorized to find him guilty of kidnapping under Count Two. And should you convict the defendant of this offense, then the form of your verdict would be: We the jury find the defendant guilty of kidnapping under Count Two. However, if from a consideration of the evidence, or from a lack of evidence or from the testimony of the defendant alone there rests upon your mind a reasonable doubt as to the guilt of the defendant for the crime of kidnapping under Count Two, then it would be your duty to acquit the defendant of that charge, and the form of your verdict would be: We the jury find the defendant not guilty under Count Two. And, Ladies and Gentlemen, Count Three and Four would be the exact same thing as Count Two. There is no allegation in this indictment that one or two of these individuals were kidnapped, the only allegation is that each of the three were kidnapped. *In my opinion, I don't believe it would be a proper verdict for you to find the defendant guilty under Count Two and not guilty under Count Three and Four, as far as the kidnapping is concerned. Kidnapping, the only evidence is that the kidnapping occurred with three individuals in the car, all three of them were kidnapped, so either all three of them were kidnapped or none of them were kidnapped, so the form of your verdict would have to be the same for Count Two, Three and Four, but you must find a verdict separately and independently on each count and you must record that separately and independently on each count.*" (Emphasis supplied.)

Defendant contends the trial court erred in giving the empha-

sized portion of the charge. In this regard, defendant argues that the trial court interfered with the jury's fact-finding prerogative.

The three kidnapping counts of the indictment did not pertain to separate transactions involving three victims at different times. Rather, the counts related to a sole transaction involving three individuals at one time. The evidence was the same for each count. The jury could have found that defendant was or was not the perpetrator of the kidnappings. But, under the evidence, the jury could not have determined that defendant kidnapped only one or two of the victims. The acquittal upon only one of the counts necessarily would have included a finding against a fact essential to conviction upon the other counts. See *Conroy v. State*, 231 Ga. 472 (202 SE2d 398). Thus, the trial court did not err in its charge to the jury. See also *Williams v. State*, 162 Ga. App. 213, 214 (2) (290 SE2d 551).

3. Since the results of the polygraph examination were inconclusive, the trial court did not err in refusing to admit the results even though the State and defense counsel expressly stipulated that the results would be admissible. *Porterfield v. State*, 150 Ga. App. 303 (1) (257 SE2d 372).

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED APRIL 17, 1986 —
REHEARING DENIED MAY 2, 1986.

*Derek H. Jones*, for appellant.

*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Wendy Shoob, Joseph J. Drolet, Assistant District Attorneys*, for appellee.