## 74648. GARRETT v. THE STATE.
(362 SE2d 150)

BENHAM, Judge.

Appellant was convicted of aggravated assault and kidnapping. On appeal, he challenges the sufficiency of the evidence, certain portions of the jury charge, lack of opportunity to except to the charge, and the trial court's conduct regarding statements made by the prosecuting attorney.

1. The victim, a 21-year-old female, testified that as she was walking home from a mini-market on January 21, 1985, she was approached by a man in a tan pickup truck who asked her for directions. While she was near the truck he opened the door and, grabbing her with one hand, put a knife to her throat and told her to get in the truck. He told her he would kill her if she tried to scream or escape, and since she was afraid he would harm her, she got into the truck and rode with him to another location about 10 minutes away. He told her he had taken her to teach her not to talk to strangers, and he told her not to report the incident to the police. He then let her go, and she walked around to the back of the truck, got its tag number, and walked to her mother's house about five miles away. An investigation by the Conyers Police Department led to appellant's arrest. He fit the description the victim gave, and he owned a pickup truck and clothing also matching her descriptions. The victim identified him in a photographic lineup as her assailant, and identified items of clothing he had been wearing and other items which had been in the truck at the time of the incident. Appellant testified in his defense that the victim was hitchhiking when he picked her up, that he drove her to

the mini-market so she could make a long distance call, and that he picked her up again and took her home. Appellant said she asked him to drop her off at a particular location so that her jealous boyfriend would not see her get out of the truck. The evidence was sufficient for a rational trier of fact to convict appellant of kidnapping and aggravated assault beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Daughtry v. State*, 180 Ga. App. 711 (1) (350 SE2d 53) (1986); *Helton v. State*, 166 Ga. App. 662 (1) (305 SE2d 592) (1983).

2. Appellant argues that the trial court erred in permitting improper conduct by the State which placed the defendant's character in issue. During appellant's direct examination, the prosecuting attorney stated, "I object to the defendant handling the knife or holding it at all." When the trial court responded that appellant was identifying the knife, the prosecuting attorney stated that he would like somebody else to hold it. The trial court tried to put a stop to the discussion, and appellant's counsel then stated, "I object to that. I am not afraid of anything." Appellant now contends that the prosecuting attorney's statements improperly interjected appellant's character into issue, and that under OCGA § 17-8-75 the trial court should have rebuked counsel or ordered a mistrial. We find no error. The prosecuting attorney's remarks were "not outside the parameters of the wide latitude accorded counsel for the state in such cases and did not impermissibly allude to facts which were not in evidence within the meaning of OCGA § 17-8-75 . . . [Cit.]" *Carpenter v. State*, 167 Ga. App. 634 (7) (307 SE2d 19) (1983). However, assuming arguendo that appellant's objection was sufficient to invoke a ruling and some action by the trial court, if appellant was not satisfied with the court's action, it was incumbent upon him to renew his objection and make a motion for mistrial, and his failure to do so precludes his complaint on appeal. *Delaney v. State*, 154 Ga. App. 772 (1) (270 SE2d 48) (1980).

3. In his fifth enumeration, appellant claims the trial court erred in failing to provide an opportunity for him to except to the jury charge. We find no error. This is a criminal case and the trial court is not obligated to ask counsel whether they have any charge objections before the jury returns its verdict. See OCGA § 5-5-24. Although it might allow the trial court to correct errors at trial if objections were made at that time, there is no waiver of objection when counsel is never asked whether they have any objections to the charge as given. *Brady v. State*, 169 Ga. App. 316 (5) (312 SE2d 632) (1983). It does not appear that appellant otherwise waived his right to object to the charge, and so he is free to do so here.

4. In appellant's fourth enumeration he takes the position that the trial court erred in failing to charge the jury on simple assault,

because simple assault is a lesser included offense of aggravated assault with a deadly weapon. Appellant did not request the charge, and so the trial court did not err by not giving the charge. Even if appellant had requested it, it would not have been error for the trial court to refuse to give it "when the evidence does not reasonably raise the issue that the defendant may be only guilty of the lesser crime." *Green v. State*, 175 Ga. App. 92 (4) (332 SE2d 385) (1985). According to the testimony adduced at trial, appellant either assaulted the victim with a deadly weapon or did not assault her at all; so no issue was presented as to simple assault. Id.

5. Appellant claims that the trial court's instructions to the jury left the jury with the impression that it must either find appellant guilty on both counts or not guilty on both counts, and omitted the possibility of finding him guilty of one count and not the other. We agree. Having reviewed the charge as a whole, we find it to be misleading in that respect. In fact, at one point the trial court told the jury that there were two verdict choices: the jury could either find appellant guilty of kidnapping and aggravated assault or find him not guilty of both charges. That statement and the instructions on the form of the verdict were not accurate. The jury actually had four verdict choices: the two stated by the trial court, and the finding of guilty on aggravated assault but not guilty of kidnapping, and vice versa. Appellant was entitled to a charge giving all of the verdict choices since it was possible that the jury might believe some of each of the witnesses' testimony and conclude that appellant had committed one crime and not the other. See and compare *Williams v. State*, 178 Ga. App. 882 (2) (345 SE2d 59) (1986). The State argues that the jury showed no signs of being confused by the instructions and returned a verdict consistent with them. That may be true, but the fact that the jury did not ask for clarification of the instruction does not mean that the instruction itself was proper. Since a crucial portion of the trial court's charge was so misleading, and since we cannot say as a matter of law that the jury would not have rendered a different verdict with the proper instructions, we must reverse the convictions.

*Judgment reversed. Banke, P. J., and Carley, J., concur.*

DECIDED OCTOBER 20, 1987.

*David B. Irwin*, for appellant.

*Robert F. Mumford, District Attorney, Cheryl F. Custer, Assistant District Attorney*, for appellee.