A94A1412. KING v. THE STATE.
(447 SE2d 712)

McMURRAY, Presiding Judge.

Defendant was charged with the offense of theft by taking of a quilt and a bed owned by the victim. The evidence adduced at a bench trial reveals that defendant purchased a mattress and box spring for a bedroom in a house he shared with the victim's mother. The victim testified that her mother and defendant gave her the mattress and box spring as a "birthday present" when she "moved back in with [her] mother . . ." and that defendant took the mattress, box spring and a quilt (a gift from the victim's grandmother) when defendant moved out of the house about four months later.

The trial court, sitting without a jury, found defendant guilty of theft by taking, sentenced him to 12 months to be served on probation and required him to pay a fine, penalties and restitution in the amount of $317.18. This appeal followed. *Held*:

1. Defendant first contends the trial court improperly considered hearsay evidence. This enumeration is without merit. "As the trial judge was the trier of facts, it must be presumed that [she] has sifted the 'wheat from the chaff' and selected only competent legal testimony unless it appears from the judgment that [she] considered testimony which should have been excluded. *Schenck v. State*, 128 Ga. App. 270 (196 SE2d 362) (1973). [In the case sub judice,] [w]e find no such evidence." *Morris v. State*, 160 Ga. App. 50 (1) (285 SE2d 782).

2. In his second enumeration, defendant contends the trial court erred in failing to consider an alleged irregularity in an affidavit supporting a warrant taken out for his arrest on a charge unrelated to the crime charged in the case sub judice. Assuming such an irregularity exists, the validity of an arrest warrant unrelated to the crime charged in the case sub judice provides no basis for reversal of defendant's conviction. " ' " "It is an old and sound rule that error to be reversible must be harmful. (Cit.)' (Cits.)" (Cit.)' *Hall v. State*, 198 Ga. App. 434, 435 (2) (401 SE2d 623) (1991)." *Hunt v. State*, 204 Ga. App. 799, 802 (5) (420 SE2d 656).

3. Defendant challenges the sufficiency of the evidence in his third enumeration, arguing that conflicting testimony of the State's witnesses was insufficient to sustain the trial court's verdict beyond a reasonable doubt. This contention is without merit.

" 'On appeal the evidence must be viewed in the light most

favorable to the verdict.' *Guffey v. State*, 191 Ga. App. 501 (3) (382 SE2d 202); *Watts v. State*, 186 Ga. App. 358 (1) (366 SE2d 849). Issues of credibility of witnesses and weight of admitted evidence are within the province of the fact finder to resolve; ' "appellate courts do not weigh the evidence or determine the credibility of the witnesses, but look only to determine if the evidence is sufficient such that a reasonable trier of fact could rationally have found proof of guilt beyond a reasonable doubt." ' *Banks v. State*, 185 Ga. App. 851 (3) (366 SE2d 228)." *Smith v. State*, 192 Ga. App. 768 (386 SE2d 530). In the case sub judice, the victim's testimony that defendant took her mattress, box spring and quilt without permission or authority is sufficient to authorize the trial judge's finding that defendant is guilty, beyond a reasonable doubt, of theft by taking as alleged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Rucker v. State*, 177 Ga. App. 779 (1), 780 (341 SE2d 228).

4. In his fourth enumeration, defendant asserts that "[s]ince the trial of the case evidence that is new, and not merely impeaching or cumulative, has been found." The record does not indicate that the trial court ruled on such an issue before the filing of this appeal. Consequently, this enumeration provides no basis for appellate review. *Moore v. State*, 176 Ga. App. 882, 885 (4) (339 SE2d 271); *Japhet v. State*, 176 Ga. App. 189, 190 (3) (335 SE2d 425).

5. Defendant contends, in his final enumeration, his sentence is illegal because there is no evidence supporting the order that he pay $317.18 in restitution. This contention is without merit. Defendant identified and offered a bill of sale and a personal check into evidence showing that the mattress and box spring cost $317.18. The trial court allowed this proof without objection. Consequently, there was evidence supporting the trial court's sentence of restitution.

6. Issues raised in defendant's argument but not enumerated as error are not considered. *Loyd v. State*, 202 Ga. App. 1, 2 (1c) (413 SE2d 222).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED AUGUST 12, 1994.

*S. Lee Storesund*, for appellant.

*Paul L. Howard, Jr., Solicitor, Deborah Espy, Denise A. Hinds, Assistant Solicitors*, for appellee.