A00A0821. GUERTIN v. THE STATE.
(533 SE2d 159)

ELDRIDGE, Judge.

A DeKalb County jury found James Alan Guertin guilty of statutory rape, incest, two counts of aggravated child molestation, and two counts of child molestation for acts he perpetrated against his five-year-old niece. On appeal, Guertin claims numerous instances where his trial attorney was allegedly ineffective, thereby depriving him of his Sixth Amendment right to effective assistance of counsel at trial. We have reviewed the trial transcript and the transcript of the

motion for new trial at which Guertin's trial counsel testified. Finding no merit to Guertin's claims, we affirm.

1. "A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. [Cit.]" *Warren v. State*, 197 Ga. App. 23, 24 (1) (397 SE2d 484) (1990).

> The burden was on [Guertin] to show both that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense. A strong presumption exists that representation has been effective, and trial strategy and tactics do not establish ineffective assistance. In the absence of testimony to the contrary, counsel's actions are presumed strategic.

(Citations and punctuation omitted.) *Straite v. State*, 238 Ga. App. 420, 424 (4) (518 SE2d 914) (1999). With these principles in mind, we turn to the specifics of Guertin's claims.

(a) Guertin contends that counsel failed to properly prepare him for the "specifics and nuances of his anticipated testimony." However, Guertin fails to allege what further specific preparation he would have liked or to what "nuances" he refers. His trial attorney testified that Guertin lived near his office; that they met "quite frequently"; and that they talked about the case approximately once a week for almost a year, including the fact that Guertin would testify and face cross-examination.

(b) Guertin contends that counsel failed to interview the State's witnesses or any "exculpatory defense witnesses," i.e., his mother, Linda Williams. However, counsel did interview Williams, whose loyalties were divided, because Guertin is her son, the main complaining witness (the victim's mother) is her daughter, and the victim is her granddaughter. Defense counsel determined that, as a reluctant witness, any beneficial testimony that Williams could have provided might have been offset with testimony that could hurt Guertin's case. A review of Williams' testimony at the motion for new trial supports this conclusion: "I did not want to come between my children on either side." In addition, it appears that Williams' testimony would have consisted primarily of inadmissible hearsay and improper opinion testimony about the credibility of the victim's mother. Moreover, counsel interviewed several State's witnesses, including the victim's mother and the State's expert witnesses. Counsel had complete access to the State's file and "knew who the witnesses were [and] what their testimony was going to be."

(c) Guertin contends that his trial attorney failed to object to hearsay testimony that put his character in evidence. However, a

review of the allegedly improper testimony shows that it was admissible as either outcry under OCGA § 24-3-16 or course of conduct under OCGA § 24-3-2.

(d) Guertin contends that counsel failed to file pretrial motions, including a discovery motion, a *Brady*[1] motion, a motion in limine, and a motion to suppress the videotape testimony of the victim. However, Guertin has not shown that a motion to suppress or a motion in limine would have had merit. Further, counsel testified that neither a discovery motion nor a *Brady* motion was necessary, since he had complete access to the State's file, knew what it contained, and no surprises occurred at trial.

(e) Guertin contends that defense counsel failed to have transcribed certain "critical" phases of the trial, such as voir dire, opening and concluding arguments, and the charge conference. However, Guertin has not alleged how the transcription of such portions of the trial would have benefitted him. Counsel testified that the entire trial was not transcribed because of cost concerns and that nothing objectionable occurred in any of the omitted portions of the trial.

(f) Guertin contends that counsel failed to cross-examine the victim's mother regarding her failure to appear at an earlier scheduled trial date and her alleged reluctance to testify at trial. However, such topic was the subject of a State's motion in limine, and defense counsel was instructed not to go into such matters.

(g) Guertin contends that his trial attorney failed to object to the allegedly improper opinion testimony of the State's expert witness, Michelle Davis Martin. However, a review of Martin's testimony reveals nothing objectionable about her expert opinion testimony. The hearsay to which Martin testified was admissible as outcry under OCGA § 24-3-16; Martin properly offered her expert opinion regarding the victim's outcry in relation to Martin's experience with abused children; and it is not improper for an expert to relate what she has read or studied as a basis for formulating her opinion. At the motion for new trial, Guertin did not question his attorney regarding any other aspects of Martin's expert testimony.[2]

(h) Guertin contends that defense counsel failed to make any requests to charge. However, counsel testified that he reviewed the State's requests to charge, as well as the standard charges the trial court intended to give. Counsel found them adequate and determined that no additional charges were necessary. To the extent that a "good

---

[1] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

[2] To the extent that Guertin now complains that Martin was not qualified to offer expert opinion testimony or that her opinion testimony exceeded the scope of her expertise, such contention was not raised at the motion for new trial and will not be considered for the first time on appeal. *Dukes v. State*, 224 Ga. App. 305, 307 (2) (480 SE2d 340) (1997).

character" charge would have been applicable and/or beneficial, counsel testified that he "probably" should have requested one. However, defense counsel developed good character evidence at trial and such was before the jury. The trial court charged the jury on the credibility of witnesses. Guertin has not alleged how the result of the trial would have been different if an independent charge on good character had been given.

Having reviewed the transcript of the hearing on the motion for new trial in relation to the errors alleged, we conclude that Guertin has failed to meet his burden of showing any deficiency in his trial attorney's performance which prejudiced his defense. *Taylor v. State*, 232 Ga. App. 825, 827 (6) (502 SE2d 540) (1998). Accordingly, Guertin's claims of ineffective assistance of counsel are without merit.

2. In numerous additional ineffective assistance of counsel claims, Guertin contends that defense counsel: (a) failed to move for directed verdict on the basis that Guertin was not identified by the victim as the perpetrator of the sexual acts against her;[3] (b) failed to consult with expert witnesses in order to rebut the State's experts; (c) failed to make a "continuing witness" objection to the replaying of the video recording of the victim's outcry pursuant to jury request; (d) failed to make a "continuing witness" objection to the introduction of an investigator's report; (e) failed to request a charge on credibility;[4] (f) failed to request a charge on identity; (g) failed to request a charge on accident;[5] (h) failed to request the "standard charges" of mere presence and knowledge; (i) failed to object to the trial court's instruction on reasonable doubt; (j) failed to conduct an adequate direct examination of defense witness Rebecca Scherling; (k) failed to object to improper testimony from Detective Paul Warner; (l) failed to object to the admission of Guertin's booking photograph taken at the time of arrest; (m) failed to object to improper testimony from the victim; and (n) failed to conduct an adequate cross-examination of the victim. None of these contentions were raised at the motion for new trial as a basis for Guertin's ineffective assistance of counsel claim, and consequently, they were not ruled upon by the trial court. Accordingly, we will not consider them for the first time on appeal. *Holland v. State*, 232 Ga. App. 284, 285 (2) (501 SE2d 829) (1998).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

---

[3] The young victim testified at trial that her "Uncle Jimmy" committed the sexual acts against her as charged but would not point him out in open court; other State's witnesses identified Guertin as the victim's "Uncle Jimmy."

[4] Such charge was given as part of the trial court's standard charges.

[5] Guertin neglects to argue how the defense of "accident" could mitigate statutory rape and aggravated child molestation.

*Kenneth T. Israel,* for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Assistant District Attorney,* for appellee.