### S02A1213. FANN v. THE STATE.
(571 SE2d 774)

FLETCHER, Chief Justice.

Octavius Fann was convicted of felony murder and armed robbery for the shooting death and robbery of Clemmie Adams.[1] On appeal, Fann contends that his trial attorney provided ineffective assistance of counsel. Because that claim and Fann's other enumerations of error are without merit, we affirm.

1. Taken in the light most favorable to the jury's verdict, the evidence presented at trial showed that, on January 31, 2000, Adams was in his Lincoln Navigator when Fann shot him and pushed him out of the Navigator. As Adams lay in the street, Fann stood over him and yelled "give me the money; give me the dope." Fann then rifled Adams's pockets before driving away in the Navigator. A few hours later, Fann sold the Navigator's wheels and custom rims for $500 and abandoned the rest of the vehicle. We conclude that there was sufficient evidence from which a rational trier of fact could have found Fann guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. Fann contends that his trial attorney provided ineffective assistance of counsel in three ways. None of Fann's arguments has any merit.

First, Fann contends that his trial counsel was ineffective in fail-

---

[1] The crimes occurred on January 31, 2000. A grand jury indicted Fann on April 27, 2000 for malice murder, two counts of felony murder, armed robbery, and possession of a firearm by a convicted felon. On August 23, 2000, a jury acquitted Fann of malice murder and convicted him of the remaining counts. The trial court sentenced him to life imprisonment for one count of felony murder and merged the remaining convictions. Fann moved for a new trial on September 22, 2000 and amended his motion on December 19, 2001. The trial court denied the motion for new trial on February 28, 2002. Fann filed a notice of appeal to this Court on March 28, 2002, and the case was submitted for decision on June 17, 2002.

[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

ing to move to suppress Arkendall Beasley's identification of Fann as the man who sold Beasley the Navigator's wheels and custom rims. Beasley identified Fann from a single picture that the police showed him. At trial, Beasley testified that Fann was the man who had sold him the rims, and he knew Fann by sight prior to the date he purchased the rims because the two men used to live in the same neighborhood. Regardless of whether the photographic show-up in this case was overly suggestive, the totality of the circumstances shows that there was not a substantial likelihood of misidentification because Beasley knew Fann from their old neighborhood and had the opportunity to observe him closely during their negotiations over the purchase of the rims.[3] Accordingly, Fann suffered no prejudice from the lack of a motion to suppress Beasley's identification.[4]

Second, Fann claims that his trial counsel erred in failing to object to the State's improper questioning of Willie Easley. Fann's trial counsel testified at the hearing on the motion for new trial that he did not object to the State's questioning because he believed Easley's testimony was hurting the State's case and the trial court had given the prosecutor permission to ask Easley leading questions. Fann's trial counsel's decision not to object to the State's questioning was a reasonable trial strategy that did not constitute ineffective assistance of counsel.[5]

Third, Fann argues that his trial counsel's failure to interview Easley before trial deprived him of a meaningful opportunity to cross-examine Easley. Fann, however, has failed to show what information trial counsel would have obtained from a pretrial interview of Easley, much less that the results of his trial would have been different.[6]

3. Finally, Fann enumerates as error the trial court's admission of testimony that showed (i) a day or two before the shooting, Fann had discussed robbing a nearby gas station with his revolver to get money, and (ii) Fann was using cocaine and marijuana on these same days. Evidence of the defendant's motive is relevant, even though it may incidentally place the defendant's character in evidence, and evidence of motive is not subject to the notice and hearing requirements of Uniform Superior Court Rules 31.1 and 31.3.[7] Here, the challenged evidence showed that Fann discussed obtaining money to purchase illegal drugs by committing a robbery, which in fact he did

---

[3] *Nicholson v. State*, 265 Ga. 711, 712-713 (462 SE2d 144) (1995).

[4] See *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[5] *Slade v. State*, 270 Ga. 305, 307 (509 SE2d 618) (1998).

[6] *Strong v. State*, 275 Ga. 465 (569 SE2d 523) (2002); *Butler v. State*, 273 Ga. 380, 385 (541 SE2d 653) (2001).

[7] *Cummings v. State*, 273 Ga. 547, 548 (544 SE2d 429) (2001).

a day or two later when he shot and robbed Adams. Under these circumstances, the trial court did not err in admitting this evidence to show Fann's motive.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 28, 2002 —
RECONSIDERATION DENIED NOVEMBER 22, 2002.

*Demetria N. Williams*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Jeanne M. Canavan, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Tammie J. Philbrick, Assistant Attorney General*, for appellee.