A04A1665. WILLIAMS v. THE STATE.
(608 SE2d 310)

MILLER, Judge.

Following a jury trial, Joseph Williams was convicted of armed robbery, aggravated assault, burglary, making terroristic threats, and possession of a firearm during the commission of several felonies. On appeal he contends that his trial counsel was ineffective and that he was not fully informed about a plea offer made by the State, and thus did not freely and voluntarily decline it. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that a few days after Williams delivered some stereo equipment to the victim's home, Williams returned to the victim's home brandishing a gun with another man. The victim recognized Williams as one of the stereo deliverymen from a few days earlier because Williams was not wearing anything to conceal his face. Williams and his accomplice threatened to kill the victim and demanded money, and one of them shot a hole in the victim's bedroom dresser mirror. Williams also twice struck the victim in the face with his gun, drawing blood from the victim's face and head. The victim ran out of his house and went to a neighbor's house, asking them to dial 911. Williams and his accomplice took jewelry from the victim's house.

The man who had delivered the stereo equipment with Williams testified at trial that Williams admitted to him after the robbery that he had broken into the victim's home and robbed him. The jury found Williams guilty on all of the charges against him. Following the denial of his motion for new trial, Williams appeals.

1. Williams argues that his trial counsel rendered ineffective assistance by (a) failing to object to a photo spread used at trial to show an additional means through which the victim identified Williams, and by (b) failing to move for a directed verdict of acquittal. We disagree.

To prove ineffective assistance, Williams was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State,* 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The trial court's determination with respect to counsel's effectiveness will be upheld

on appeal unless clearly erroneous. *Jackson v. State*, 209 Ga. App. 53, 56 (7) (432 SE2d 649) (1993). Evidence supported the trial court's finding that Williams did not meet his burden of showing deficient performance or prejudice based on his counsel's actions.

(a) The evidence reveals that the victim recognized Williams before being shown the photographic lineup because he had delivered furniture to the victim's house a few days before the robbery. Thus, regardless of whether the photographic lineup was overly suggestive, there was no likelihood of Williams being misidentified, and Williams suffered no harm from his counsel's failure to object to the lineup. *Fann v. State*, 275 Ga. 756, 757 (2) (571 SE2d 774) (2002); see also *Williams v. State*, 272 Ga. 828, 828-829 (2) (537 SE2d 39) (2000). Evidence supported the trial court's conclusion that Williams's counsel rendered effective assistance.

(b) The evidence outlined above sufficed to sustain Williams's convictions under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See OCGA §§ 16-8-41 (a); 16-5-21 (a) (1), (2); 16-7-1 (a); 16-11-37 (a); 16-11-106 (b) (1). Thus, as a matter of law, counsel's failure to move for a directed verdict did not constitute ineffective assistance. *Wright v. State*, 211 Ga. App. 474, 478 (5) (440 SE2d 27) (1993).

2. In his final enumeration, Williams contends that he was not fully informed about a plea offer made by the State just prior to trial and that he therefore did not decline the plea offer voluntarily. Williams does not make clear in his brief whether he believes that his trial counsel rendered ineffective assistance by failing to inform him about the plea offer, or whether his lack of information about the plea, in and of itself, constitutes error. However, regardless of his theory, his arguments are belied by the record, which indicates that Williams was fully informed about the plea offer prior to trial. Williams even insisted on going to trial after the plea offer was made a part of the record in open court. His enumeration is without merit. See, e.g., *Lowe v. State*, 241 Ga. App. 335, 337 (3) (526 SE2d 634) (1999).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED DECEMBER 10, 2004.

*Donald B. Lowe III*, for appellant.
*Spencer Lawton, Jr., District Attorney, David T. Lock, Assistant District Attorney*, for appellee.