## S05A0376. LUCAS v. THE STATE.
### (611 SE2d 55)

BENHAM, Justice.

Charrine Dartez Lucas appeals his conviction for malice murder.[1] Witnesses at trial testified that Lucas engaged in a confrontation with a woman and two men which led to a fist-fight with one of the men. Lucas broke free, entered his uncle's house where he sometimes lived, got two knives from the kitchen, and went back outside. The man with whom Lucas fought had since left the area, but the other man, Gary Kaigler, intervened when Lucas attempted to cut or stab the woman. Lucas's uncle testified Lucas shouted, "I'm going to get you . . . ," and his aunt testified Lucas exchanged words with Kaigler and began to fight. Lucas's uncle said he tried to intervene, but got out of the way when he saw Lucas swing a knife and stab Kaigler. Lucas stabbed Kaigler 23 times, causing his death, then went back into his uncle's home, changed his clothes, and left. He was soon arrested nearby. Lucas testified at trial that the initial confrontation was started by the woman and that her two male companions then jointly attacked him. Hearing one of them call for a weapon, Lucas claimed he went into the house, and out of concern for his

---

[1] The killing occurred on February 20, 2001, and Lucas was arrested shortly thereafter. A Bibb County grand jury indicted him on August 7, 2001, for malice murder, a jury found him guilty of that charge following a trial conducted September 4-6 of that year, and the trial court sentenced him immediately to life imprisonment. A motion for new trial filed September 19, 2001, and amended May 24, 2004, was considered at a hearing on June 28, 2004, and was denied by order dated August 2, 2004. Pursuant to a notice of appeal filed August 30, 2004, the appeal was docketed in this Court on October 27, 2004, and was submitted for decision on the briefs.

sleeping relatives, went back outside with a knife, where he was attacked. He testified that he defended himself until his uncle broke up the fight, then became disoriented and afraid and roamed around the neighborhood until he was arrested. Lucas presented good character evidence from four witnesses at trial.

1. The evidence that Lucas fought with Kaigler's companion, then armed himself and returned to stab Kaigler to death was sufficient to authorize a rational trier of fact to find him guilty beyond a reasonable doubt of murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Sutton v. State*, 264 Ga. 222 (1) (443 SE2d 481) (1994).

2. In his sole enumeration of error, Lucas contends he was denied effective representation of counsel by trial counsel's failure to request a jury charge on good character evidence. Having adduced evidence of good character, Lucas was entitled, upon request, to a charge on the subject. *Chastain v. State*, 177 Ga. App. 236 (2) (339 SE2d 298) (1985). At the hearing on his motion for new trial, Lucas's trial counsel admitted that, having put on four character witnesses, he should have requested the charge.

However, even assuming trial counsel's failure to request the charge amounted to deficient performance, "there remains for consideration whether the deficiency so prejudiced [Lucas] that there is a reasonable likelihood that absent the deficiency, the outcome of the trial would have been different." *Moore v. State*, 278 Ga. 397, 399 (2) (a) (603 SE2d 228) (2004).

> A proper instruction should be given in every case where the accused puts his character in issue; but in the absence of a timely request, an omission to give a specific charge on the subject will not require a new trial. It is only in exceptional cases where the court fails to charge relatively to the good character of the accused that a new trial should be granted. [Cit.]

*Spear v. State*, 230 Ga. 74, 76 (1) (195 SE2d 397) (1973). The exceptional case referred to in *Spear* was *Seymour v. State*, 102 Ga. 803, 806 (30 SE 263) (1898), where the defendant's "evidence that he had borne a most excellent character from his boyhood up to the time of the alleged offense . . . was the only way in which he could meet the charge made against him." Just as *Spear* was not such an exceptional case, neither is the present case where the testimony of the character witnesses was countered by evidence of Lucas's prior criminal activities. Considering the overwhelming weight of the evidence against

Lucas and the adequate instructions given to the jury on the credibility of witnesses, we conclude that Lucas has not shown a reasonable likelihood that absent trial counsel's failure to request a charge on evidence of good character, the outcome of the trial would have been different. *Cain v. State*, 277 Ga. 309 (4) (588 SE2d 707) (2003); *Guertin v. State*, 243 Ga. App. 322 (1) (h) (533 SE2d 159) (2000) (no prejudice arising from trial counsel's failure to request a charge on good character).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 28, 2005.

*Buford & Buford, Floyd M. Buford, Jr.*, for appellant.
*Howard Z. Simms, District Attorney, Elizabeth K. Bobbitt, Assistant District Attorney, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General*, for appellee.