A06A2073. HAYES v. THE STATE.
(637 SE2d 128)

BLACKBURN, Presiding Judge.

Following a jury trial, Marcus Hayes was convicted of armed robbery,[1] possession of a firearm during the commission of a felony,[2] and obstruction.[3] He appeals his conviction and the denial of his motion for new trial, arguing that he received ineffective assistance of counsel. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, *Davis v. State*,[4] the evidence shows that in April 2004, Hayes and two accomplices (Marks and Elamin) devised a plan to rob a local beauty supply store. The three men drove in Marks's car to the shopping center where the supply store was located, and once in the parking lot, Hayes and

---

[32] *Hill v. State*, 279 Ga. App. 402, 404 (1) (631 SE2d 446) (2006).
[1] OCGA § 16-8-41.
[2] OCGA § 16-11-106.
[3] OCGA § 16-10-24.
[4] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

Elamin exited the car while Marks remained behind the wheel. However, as Hayes and Elamin started toward the supply store, they noticed a woman, who appeared to be carrying a bank bag, walking toward a grocery store also in the shopping center. Changing their plan, Hayes and Elamin approached the woman, pointed a gun at her, and took her bag. As the woman began screaming, they rushed back to Marks's waiting car, which then headed toward the parking lot exit.

As the robbery was occurring, a witness who had just finished lunch at a restaurant also in the same shopping center heard the woman's screams and saw Hayes and Elamin struggling with the woman before getting back into their car. The witness and his friend began following the car in their own truck toward the parking lot exit. During the brief chase, the witness and his friend called a 911 emergency operator to alert the police to the robbery and to provide a detailed description of the suspects' car, including the license tag number. A few minutes later, a police officer, who had heard the emergency dispatch, intercepted the suspects' car and forced it to stop. Marks was arrested immediately, but Hayes and Elamin fled. Elamin was arrested later that day, and Hayes was arrested several months afterward.

Hayes was indicted on one count of armed robbery, one count of possession of a firearm during the commission of a felony, and one count of obstruction of law enforcement officers. At his trial, the victim testified that Hayes was one of the men who robbed her at gunpoint. The witnesses to the robbery testified as to the description and license tag number of the car in which Hayes escaped, and the officer who eventually stopped the car testified that it matched the description given by the witnesses. In addition, Marks testified that his car was the one described by the witnesses and that he, Elamin, and Hayes had committed the robbery. At the trial's conclusion, Hayes was convicted on all three counts. His motion for new trial was denied after a hearing, and this appeal followed.

In his sole enumeration of error, Hayes contends that the trial court erred in denying his motion for new trial based on alleged ineffective assistance of counsel. Specifically, Hayes argues that his trial counsel was ineffective in failing to request jury charges on accomplice testimony and leniency to a witness. We disagree.

To establish ineffective assistance of counsel under *Strickland v. Washington*,[5] "a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the

---

[5] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).

result of the trial would have been different but for that deficiency." (Punctuation omitted.) *Davenport v. State.*[6] "A court need not determine whether trial counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiency." (Punctuation omitted.) *Frazier v. State.*[7] We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous. *Rose v. State.*[8]

1. Hayes's contention that his trial counsel was ineffective by not requesting that the jury be charged on accomplice testimony is without merit. The proposed charge to which Hayes refers provides in part that "[t]he testimony of the accomplice alone is not sufficient to warrant a conviction. The accomplice's testimony must be supported by other evidence of some type, and that evidence must be such as would lead to the inference of the guilt of the accused independent of the testimony of the accomplice."[9] As previously discussed, Hayes was found guilty based on the testimony of the victim of his armed robbery, on two eyewitnesses who were nearby, on a police officer who intercepted the vehicle in which Hayes was attempting to escape, and on one of Hayes's accomplices. Given that the State did not rely solely upon accomplice testimony in securing Hayes's conviction but rather adduced ample evidence wholly sufficient to warrant the verdict (independent of the accomplice's testimony), the failure of his trial counsel to request a charge on accomplice testimony did not constitute deficient performance. See *Steed v. State.*[10]

2. Hayes further contends that because his accomplice, Marks, was charged with a less serious offense in exchange for testifying against Hayes, the accomplice's testimony lacked credibility, and thus his trial counsel was ineffective by not requesting that the jury be charged regarding leniency to a witness. Here, Hayes's trial counsel cross-examined Marks regarding the fact that his version of events had changed several times since his arrest and regarding the fact that he was being charged with a lesser crime in exchange for his testimony. In addition, the thrust of Hayes's proposed charges (that the accomplice might have a personal interest which influences his testimony) was covered by the trial court's general charge on credibility, which provided that the jury was to determine credibility and in doing so was authorized to consider the witnesses' interest in the

---

[6] *Davenport v. State*, 278 Ga. App. 16, 19 (2) (628 SE2d 120) (2006).

[7] *Frazier v. State*, 278 Ga. App. 685, 690 (3) (629 SE2d 568) (2006).

[8] *Rose v. State*, 258 Ga. App. 232, 234-235 (2) (573 SE2d 465) (2002).

[9] Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Vol. II, § 1.31.90, p. 17 (3d ed. 2003).

[10] *Steed v. State*, 273 Ga. App. 845, 849 (2) (616 SE2d 185) (2005).

case. See *Guillen v. State*.[11] Thus, in light of his trial counsel's cross-examination of Marks, the credibility charge given by the court, as well as the overwhelming evidence of Hayes's guilt, Hayes has failed to prove that any alleged deficiency in failing to request the proposed charge so prejudiced him that there is a reasonable likelihood that had the charge been given, the outcome of the trial would have been different. See *Lucas v. State*.[12] Accordingly, the trial court did not err in denying Hayes's motion for new trial.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 4, 2006.

*Darden, Burns & Harris, Richard M. Darden*, for appellant.
*Spencer Lawton, Jr., District Attorney, Margaret E. Heap, Assistant District Attorney*, for appellee.

---

[11] *Guillen v. State*, 275 Ga. App. 316, 318 (1) (620 SE2d 518) (2005).
[12] *Lucas v. State*, 279 Ga. 175, 176 (2) (611 SE2d 55) (2005).
[1] *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002).