A07A2273. BROWN v. THE STATE.
(656 SE2d 582)

SMITH, Presiding Judge.

A jury found James M. Brown guilty of burglary. Following the denial of his motion for new trial, Brown appeals, contending that he received ineffective assistance of counsel. For the following reasons, we affirm.

Viewed in the light most favorable to the verdict, the evidence showed that Brown and Johnny Josey entered the victim's home after Brown kicked in a basement door. The two men took guns and other items from the home before fleeing. Brown and Josey led officers on a high-speed chase before abandoning their car and running into Josey's mother's home. At trial, Brown testified that Josey led him to believe that the two were going to Josey's father's home, and that he assumed that the guns belonged to Josey's father. He stated further that he panicked and led police on the high-speed chase when Josey told him that he had stolen the items from the home.

On appeal, Brown contends that his trial counsel was ineffective in two respects.

> To establish ineffective assistance of counsel under *Strickland v. Washington*, [466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984),] a criminal defendant must prove (1) that his trial counsel's performance was deficient, and (2) that counsel's deficiency so prejudiced his defense that a reasonable probability exists that the result of the trial would have been different but for that deficiency. A court need not determine whether trial counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiency. We will not reverse a trial court's findings regarding either the deficiency or prejudice prong of the *Strickland* test unless clearly erroneous.

(Citations, punctuation and footnotes omitted.) *Hayes v. State*, 281 Ga. App. 749, 750-751 (637 SE2d 128) (2006).

1. Brown first contends that his trial counsel was ineffective in failing to request jury voir dire to determine whether jurors had seen him while he was wearing handcuffs. Prior to the start of trial, Brown informed the court that he had been seen by jurors while he was in

handcuffs. The court then asked the deputy who escorted Brown through the courthouse whether jurors did, in fact, see Brown in handcuffs. The deputy stated: "Unless it was standing in the hallway I have no idea. I brought him up through the back door, up the steps and out this way by the usual route . . . about 8:25 [a.m.]." The trial court responded: "Oh, I know jurors weren't here at that time, . . . I got here, it was about five after 8:00. And the only people here were the Juvenile Court folks who were next door. And there was a crowd of them around." The deputy then acknowledged that there were "people in the hall," but did not explain whether he knew if they were jurors.

"Absent justifying circumstances, the defendant normally should not be seen by the jury handcuffed in the courtroom or courthouse." (Citation and punctuation omitted.) *Hood v. State*, 273 Ga. App. 430, 434 (2) (615 SE2d 244) (2005). But here, Brown has failed to present any evidence that any of the jurors actually saw him in handcuffs. See *Stevenson v. State*, 272 Ga. App. 335, 342 (3) (d) (612 SE2d 521) (2005). Trial counsel did not testify at the hearing on the motion for new trial, and no jurors were presented at the hearing to state whether they saw Brown in handcuffs. Brown has therefore failed to meet his burden of showing that his counsel's performance was deficient or that the outcome of his trial would have been different if counsel had sought permission to voir dire the jurors on this issue. See id.; *Walker v. State*, 268 Ga. App. 669, 674 (4) (c) (602 SE2d 351) (2004).

2. Brown also contends that trial counsel was deficient in failing to move for a directed verdict. Since the evidence here sufficed to sustain Brown's conviction for burglary under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), "as a matter of law, counsel's failure to move for a directed verdict did not constitute ineffective assistance." (Citation omitted.) *Williams v. State*, 270 Ga. App. 845, 846 (1) (b) (608 SE2d 310) (2004).

Under these circumstances, the trial court did not clearly err in finding that Brown received effective assistance of counsel.

*Judgment affirmed. Barnes, C. J., and Miller, J., concur.*

DECIDED JANUARY 24, 2008.

*Nicholas E. White*, for appellant.
*Fredric D. Bright, District Attorney, Gregory L. Bushway, Assistant District Attorney*, for appellee.